IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE REYES, et al., ) | | |
|     Plaintiffs ) | | |
| ) | | |
| v. ) | NO.  07 C 6877 | |
| ) | | |
| CITY OF CHICAGO, ) | JUDGE BUCKLO | |
|     et al., ) | | |
| ) | | |
|     Defendants. ) | | |

## MOTION TO STAY

Defendants, Chicago Police Lt. John Blake and Chicago Police Officers David Case, Michael Connelly, Brendan Cocoran, James Eldridge, Brian Ferguson, James Foley, Lance Handzel, Michael Harvey, Gregory Insley, Bartosz Maka, Donovan Markiewicz, John McGovern, Christopher Nelligan, Eric J. Olsen, Bret Rice and Guadalupe Salinas and Cheryl Hurley as Administrator of the Estate of John Hurley, by their attorney, Geri Lynn Yanow, Assistant Corporation Counsel for the City of Chicago, respectfully request this Honorable Court stay all proceedings in this lawsuit.  In support of this motion, Lt. John Blake and Officers David Case, Michael Connelly, Brendan Cocoran, James Eldridge, Brian Ferguson, James Foley, Lance Handzel, Michael Harvey, Gregory Insley, Bartosz Maka, Donovan Markiewicz, John McGovern, Christopher Nelligan, Eric J. Olsen, Bret Rice and Guadalupe Salinas and Cheryl Hurley as Administrator of the Estate of John Hurley state as follows:

At this time, three co-defendants have been indicted by the State of Illinois for actions which relate directly and indirectly on the substance of the claims alleged by plaintiff and one co-defendant has recently been arrested by federal authorities.  That

arrest relates to allegations that a co-defendant, Jerome Finnigan "ordered a hit" on one or more officers he believed were going to testify against him.  Currently, that co-defendant, Jerome Finnigan, is in federal custody.  *See U.S. V. Finnigan*, 07 CR 634.  If discovery were to proceed against Lt. John Blake and Officers David Case, Michael Connelly, Brendan Cocoran, James Eldridge, Brian Ferguson, James Foley, Lance Handzel, Michael Harvey, Gregory Insley, Bartosz Maka, Donovan Markiewicz, John McGovern, Christopher Nelligan, Eric J. Olsen, Bret Rice and Guadalupe Salinas and Cheryl Hurley as Administrator of the Estate of John Hurley, they would be forced into the untenable position of defending themselves without full benefit of discovery from, and consultation with, all the defendants in this matter.

  Moreover,  Lt. John Blake and Officers David Case, Michael Connelly, Brendan Cocoran, James Eldridge, Brian Ferguson, James Foley, Lance Handzel, Michael Harvey, Gregory Insley, Bartosz Maka, Donovan Markiewicz, John McGovern, Christopher Nelligan, Eric J. Olsen, Bret Rice and Guadalupe Salinas and Cheryl Hurley as Administrator of the Estate of John Hurley, may also be impacted by the on-going state and federal criminal investigations concerning their co-defendants, as well as other matters relating either directly or indirectly to the claims alleged by plaintiff.   This Court has broad discretion to stay proceedings in a civil lawsuit, where, as here, an ongoing criminal investigation may also force Lt. John Blake and Officers David Case, Michael Connelly, Brendan Cocoran, James Eldridge, Brian Ferguson, James Foley, Lance Handzel, Michael Harvey, Gregory Insley, Bartosz Maka, Donovan Markiewicz, John McGovern, Christopher Nelligan, Eric J. Olsen, Bret Rice and Guadalupe Salinas and Cheryl Hurley as Administrator of the Estate of John Hurley, as well as their co-

defendants to choose between protecting their Fifth Amendment rights and defending a civil lawsuit.[1] *See, e.g., SEC v. Dresser Industries*, 628 F.2d 1368, 1372 (D.C. Cir. 1980); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2nd Cir. 1986); *Jones v. City of Indianapolis*, 216 F.R.D. 440, 450-52 (S.D. Ind. 2003); *Brock v. Tolkow*, 109 F.R.D. 116, 121 (E.D.N.Y. 1985).

Courts will consider the following seven factors in deciding whether to stay proceedings under these circumstances: (1) does the civil action involve the same subject matter as the criminal investigation; (2) is the government a party to the civil action, (3) the criminal investigation's posture, (4) the effect that a stay will have on the "public interest," (5) judicial efficiency, (6) the prejudice, if any, that a stay would cause the civil plaintiff, and (7) the prejudice that the defendant will suffer if a stay is not issued. *See, e.g., Jones*, 216 F.R.D. at 451; *Benevolence Int'l Found., Inc. v. Ashcroft*, 200 F.Supp.2d 935, 938 (N.D. Ill. 2002); *Cruz v. County of DuPage*, No. 96 C. 7170, 1997 WL 370194, at *2 (N.D. Ill. June 27, 1997).

These factors all favor a stay in this case. Here, the civil action involves the same subject matter as the state and federal criminal investigations and may involve similar facts as alleged by plaintiff. The state and federal criminal investigations are on-going as is the criminal defense of Frank Villareal, Carl Suchocki and Jerome Finnegan.

---

[1] Lt. John Blake and Officers David Case, Michael Connelly, Brendan Cocoran, James Eldridge, Brian Ferguson, James Foley, Lance Handzel, Michael Harvey, Gregory Insley, Bartosz Maka, Donovan Markiewicz, John McGovern, Christopher Nelligan, Eric J. Olsen, Bret Rice and Guadalupe Salinas and Cheryl Hurley as Administrator of the Estate of John Hurley may be called to testify as witnesses in the criminal matters concerning the on-going state and federal investigations and may also be "targets" of the on-going state and federal criminal investigations.

In addition, staying this proceeding will promote an efficient use of judicial resources in that it may reduce the scope of discovery necessary in this case or otherwise simply the issues, and remove the burden of numerous privilege issues that are likely to arise if discovery proceeds. [2]   Plaintiffs will not be irreparably harmed if this proceeding is stayed.

Three of the individual defendants in this matter have been criminally charged by state indictments and one of those defendants has additionally been criminally charged under federal law.  The indictments and the recent federal arrest, although not directly related to the incident at issue, are related to the general criminal allegations as alleged in plaintiff's complaint.   Lt. John Blake and Officers David Case, Michael Connelly, Brendan Cocoran, James Eldridge, Brian Ferguson, James Foley, Lance Handzel, Michael Harvey, Gregory Insley, Bartosz Maka, Donovan Markiewicz, John McGovern, Christopher Nelligan, Eric J. Olsen, Bret Rice and Guadalupe Salinas and Cheryl Hurley as Administrator of the Estate of John Hurley, worked with the indicted defendants and will undoubtedly be testifying in those criminal proceedings.   Thus, all defendants unquestionably have a Fifth Amendment privilege as to any testimony related to the allegations of this case –  a privilege they have an absolute right to assert in this civil proceeding. *Lefkowitz v. Turley*, 414 U.S. 70, 77, 94 S.Ct. 316 (1973) ("The [Fifth] Amendment not only protects the individual against being involuntarily called to testify against himself in a criminal prosecution, but also privileges him not to answer

---

[2] Moreover, in the ongoing state criminal investigation, an Order was entered protecting the dissemination of discovery materials "due to the sensitive nature of the information contained in the discovery materials".  *See* Exhibit A attached.

official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings."). And, of course, once a Fifth Amendment privilege is waived in a civil case, it is waived in criminal matters as well. *U.S. v. Kordel*, 397 U.S. 1 (1970).

In *Andover Data Services v. Statistical Tabulating Corp.*, 876 F.2d 1080 (1989), the district court ordered a witness in a civil case who had valid reason to assert his Fifth Amendment rights to nonetheless answer questions in a deposition which the court ordered to be kept confidential under a Rule 26 protective order. When the witness maintained his refusal to answer, the district court held him in contempt. *Id*. at 1081-82.

On review of the lower court's "novel approach,"*id*. at 1083, to protecting the Fifth Amendment privilege by entering a protective order, the Second Circuit held that the protective order was not adequate to protect Fifth Amendment rights: "[a] Rule 26(c) protective order, no matter how broad its reach, provides no guarantee that compelled testimony will not somehow find its way into the government's hands for use in a subsequent criminal prosecution." *Id*. As the court noted, protective orders are subject to being overturned, or to subsequent modification.[3]

---

[3] A protective order can, of course, be modified upon the application of a third party, especially when compelling reasons exist. Collateral litigation on similar issues has been found sufficient to enable third parties to gain access to discovery materials in other litigation. *See Matter of Film Recovery Systems, Inc*., 804 F.2d 386 (7th Cir. 1986) (quoting *AT&T v. Grady*, 594 F.2d 594 (7th Cir. 1979)). Defendants anticipate there may be many third parties who, presently incarcerated on charges brought against them by these police officer defendants, will seek access to evidence which might be subject to any proposed Protective Orders on the argument that they have a compelling interest in anything which might help free them from their present incarceration. The likelihood of such requests, viewed in light of the *Film Recovery* standard, causes the individual defendants grave concern about the ability of any proposed Protective Orders to protect their rights from eventual disclosure outside this litigation. This is

Moreover, a grand jury subpoena would override a protective order issued specifically to protect Fifth Amendment rights. ("[T]he deponents' [F]ifth [A]mendment right against self-incrimination does not require, nor may it depend on, the shield of civil protective orders." *In re: Grand Jury Subpoena*, 836 F. 2d 1468, 1471 (4th Cir. 1988)).[4] Finally, the court in *Andover* was skeptical that evidence central to a case could be kept under seal throughout a civil trial and post trial proceedings. *Id*. at 1083. For all these reasons, the Second Circuit held that a protective order was inadequate to protect the appellant's Fifth Amendment rights and, accordingly, quashed the order compelling his testimony.

The "ultimate question," nonetheless, is "whether the [C]ourt should exercise its discretion [and stay proceedings] in order to avoid placing [defendants here] in the position of having to choose between risking a loss in [this civil case] by invoking [their] Fifth Amendment rights, or risking [prosecution] by waiving [their] Fifth Amendment rights and testifying in the civil proceedings." *Jones*, 216 F.R.D. at 451. (internal quotation marks and citation omitted).

Based upon the holding and reasoning of Lt. John Blake and Officers David Case, Michael Connelly, Brendan Cocoran, James Eldridge, Brian Ferguson, James Foley, Lance Handzel, Michael Harvey, Gregory Insley, Bartosz Maka, Donovan

---

in addition to the general concern that any third parties, based upon *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999) and *Seattle Times Co. v. Rhinehart*, 467 U.S. at 37 (1984), could also attempt to have the pre-trial discovery material publically disclosed under a "good cause" review if that material is subsequently deemed admissible at trial or otherwise filed with this Court so as to be of record.

[4] There is no indication from the State that the investigation into potential criminal conduct of SOS officers has concluded and the federal investigation appears to be ongoing.

Markiewicz, John McGovern, Christopher Nelligan, Eric J. Olsen, Bret Rice and Guadalupe Salinas and Cheryl Hurley as Administrator of the Estate of John Hurley, urge this Court to grant their motion to enter a stay of this matter pending resolution of the criminal prosecutions. Courts routinely endorse a stay of the civil proceeding as an appropriate means to address the Fifth Amendment dilemma created by parallel criminal prosecutions. *See, e.g., United States v. Kordel*, 397 U.S. 1, 9 (1970); *Securities and Exchange Com'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir.)(*cert. denied*, 449 U.S. 993 (1980)). [5]

---

[5] Judges in this district who have granted stays in cases in which these defendants and other SOS police officers are both criminal and civil defendants include: *Adams v. City of Chicago, et al.,* 06 C 4856 (Judge Norgle); *Drake v. City of Chicago, et. al*, 06 C 6893 (Judge Filip) *See also* Doc. # 56 in *Drake v. City of Chicago,* 06 C 6893, which is Judge Filip's Memorandum and Opinion denying plaintiffs' motion for reconsideration of the ruling to grant defendants' motion to stay; *Guttierrez v. City of Chicago, et. al.,* 06 4338 (Judge Norgle); *Guerrero v. City of Chicago*, 07 C 1015 (Judge Kocoras); *Ontivero-Artal v. City of Chicago*, 06 C 7036 (Judge Kendall); *Hamilton v. City of Chicago, et al.,* 07 C 4743 (Judge Castillo) and *Castro v. City*, 07 C 931 (Judge Kendall); *Estes v. City of Chicago, et al.,* 07 C 5386 (Judge Zagel); *Roberto Garcia v. City of Chicago, et al.,* 07 C 6138 Judge Aspen; *Chagolla v. City of Chicago, et al.,* 07 C 4557 (Judge Kennelly) *See also* Doc. # 58 in *Chagolla v. City of Chicago*, 07 C 4557, which is Judge Kennelly's Memorandum and Opinion granting defendants motion to stay.

**WHEREFORE,** Lt. John Blake and Officers David Case, Michael Connelly, Brendan Cocoran, James Eldridge, Brian Ferguson, James Foley, Lance Handzel, Michael Harvey, Gregory Insley, Bartosz Maka, Donovan Markiewicz, John McGovern, Christopher Nelligan, Eric J. Olsen, Bret Rice and Guadalupe Salinas and Cheryl Hurley as Administrator of the Estate of John Hurley , respectfully request that this Honorable Court enter an order staying further proceedings in this matter until such time as the state and federal criminal charges against the three co-defendants, Frank Villareal, Carl Suchocki and Jerome Finnegan have been resolved and until such time as the state and federal criminal investigations and grand jury proceedings into the potential criminal conduct of SOS officers have concluded.

    Respectfully submitted,

    /S/ GERI LYNN YANOW
    GERI LYNN YANOW
    Assistant Corporation Counsel
    Attorney for Lt. John Blake and Officers David Case, Michael Connelly, Brendan Cocoran, James Eldridge, Brian Ferguson, James Foley, Lance Handzel, Michael Harvey, Gregory Insley, Bartosz Maka, Donovan Markiewicz, John McGovern, Christopher Nelligan, Eric J. Olsen, Bret Rice and Guadalupe Salinas and Cheryl Hurley as Administrator of the Estate of John Hurley

30 N. LaSalle Street
Suites 1400
Chicago, Illinois 60602
(312) 744-2837
(312) 744-6566 (FAX)
Attorney No.: 06198618

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have caused true and correct copies of the above and foregoing, **MOTION TO STAY** to be electronically delivered to the persons named in the foregoing Notice at the address therein shown, on this 24th day of April, 2008.

/S/ GERI LYNN YANOW
GERI LYNN YANOW