**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSE REYES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 07 CV 6877 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Judge Bucklo |
| | ) | |
| Defendants. | ) | Magistrage Judge Mason |

## DEFENDANTS' MOTION TO STAY

Defendants, City of Chicago ("City"), Philip Cline, Debra Kirby, and Mayor Richard Daley, by their attorneys, Terrence M. Burns of Dykema Gossett PLLC, for their motion to stay, state:

## BACKGROUND

Plaintiffs assert a Racketeer Influenced and Corrupt Organizations ("RICO") claim and § 1983 claims against Philip Cline, Debra Kirby, Mayor Richard Daley, Chicago Police Lieutenant John Blake, and Chicago Police Officers Frank Villareal, Carl Suchocki, Jerome Finnigan, David Case, Michael Connelly, Brendan Cocoran, James Eldridge, Brian Ferguson, James Foley, Lance Handzel, Michael Harvey, Gregory Insley, Donovan Markiewicz, John McGovern, Christopher Nelligan, Eric J. Olsen, Bret Rice, Guadalupe Salinas, Bartosz Maka, and Cheryl Hurley as administrator of the Estate of John Hurley. Plaintiffs also have included the City as a defendant under the RICO claim, a § 1983 *Monell* claim, an indemnification claim, and under the doctrine of *respondeat superior*.

The State of Illinois has indicted defendant officers Finnigan, Villareal, and Suchocki, all former members of the Special Operations Section (SOS) of the Chicago Police Department.

The state indictments contain accusations of armed violence, armed robbery, home invasion, residential burglary, theft, unlawful restraint, obstruction of justice, and official misconduct.

In addition, Defendant Finnigan was recently charged by the federal government in a murder for hire scheme and he is currently in federal custody. (*U.S. v. Finnigan*, 07 CR 634, Dkt. 1, attached hereto Exhibit 1.) The federal criminal complaint charges that Finnigan allegedly solicited someone to murder one or more officers he believed were going to testify against him. *Id*. Among other things, the federal criminal complaint alleges that "Based upon discovery provided in the state cases, Finnigan was made aware that a now former Chicago Police Officer (hereinafter CW-1) will be a witness against Finnigan in the first of the state cases to proceed to trial." *Id*. at 3. It is alleged in the federal criminal complaint that Finnigan ordered a "paint job" (i.e., murder) on the officer he learned through discovery was cooperating and other officers he learned were cooperating. (*Id*. at 4).

Furthermore, according to the federal criminal complaint, "there is a federal investigation into the activities of the Special Operations Section." (*Id*. at 3).

I. **THIS CASE SHOULD BE STAYED UNTIL AFTER THE CRIMINAL CHARGES AND INVESTIGATIONS HAVE BEEN RESOLVED.**

If this case proceeds, the City and Defendants Cline, Kirby, and Mayor Daley will have to defend themselves without the full benefit of discovery from all defendant officers in this matter. In addition to the three indicted co-defendants, unindicted co-defendants could potentially assert a Fifth Amendment privilege as to any testimony related to the allegations in this case. Upon information and belief, unindicted officers have no assurance that they are not, or will not become, targets of the ongoing criminal investigation and grand jury proceedings. *See Leftkowitz. V. Turley*, 414 U.S. 70, 77 (1973) ("The Fifth Amendment not only protects the individual against being involuntarily called to testify against himself in a criminal prosecution,

but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings."). If any of the seventeen unindicted defendant officers were to waive a Fifth Amendment privilege for purposes of discovery in this case, it would be waived in criminal matters as well. *U.S. v. Kordel*, 397 U.S. 1 (1970).

    A.    **A Stay is the Appropriate Means of Protecting Fifth Amendment Rights and Ensuring a Fair Trial.**

This Court has broad discretion to stay proceedings in a civil action where there is an ongoing criminal investigation. Courts routinely endorse a stay of the civil proceeding as an appropriate means of addressing the Fifth Amendment dilemma created by parallel criminal prosecutions. *See, e.g., United States v. Kordel*, 397 U.S. 1, 9 (1970); *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir.) (*cert. denied* 449 U.S. 993 (1980)). Indeed, several judges in this district have stayed cases in which several of these defendants and other SOS police officers are criminal and civil defendants. *Drake v. City of Chicago, et al.*, 06 C 6893 (Judge Filip) (*see* Opinion at Dkt. 56, attached hereto as Exhibit 2); *Adams v. City of Chicago, et al.*, 06 C 4856 (Judge Norgle); *Guttierez v. City of Chicago, et al.*, 06 C 4338 (Judge Norgle); *Hernandez v. Villareal, et al.*, 07 C 4537 (Judge Norgle); *Hamilton v. Chicago Police Officers, et al.*, 07 C 4743 (Judge Castillo); *Guerrero v. City of Chicago, et al.*, 07 C 1015 (Judge Kocoras) (now settled); *Ontivero-Artal v. Herrera, et al.*, 06 C 7036 (Judge Kendall) (now settled); *Castro v. City of Chicago, et al.*, 07 C 931 (Judge Kendall, now transferred to Judge Dow) (*see* Opinion at Dkt. 50, attached hereto as Exhibit 3*); Chagolla v. City of Chicago, et al.*, 07 C 4557 (Judge Kennelly); *Estes v. Herrera, et al.*, 07 C 5386 (Judge Zagel); and *Wisniewski v. City of Chicago, et al.*, 07 C 6775 (Judge Norgle).

### B. The Relevant Factors Warrant a Stay Here.

In determining whether a stay should be granted in a civil case based on the existence of a criminal proceeding, the court considers six factors: (1) whether the civil action involves the same subject matter as the criminal investigation, and whether the government initiated both proceedings; (2) the posture of the criminal proceeding; (3) the public interests at stake; (4) judicial efficiency; (5) the prejudice, if any, that a stay would cause the civil plaintiff; and (6) the prejudice that the defendant will suffer if a stay is not issued. *See e.g.*, *U.S. v. All Meat and Poultry Products Stored at Lagrou Cold Storage*, 02 C 5145, 2006 WL 27119, at *2 (N.D. Ill. Jan. 4, 2006); *Jones v. City of Indianapolis*, 216 F.R.D. 440, 451 (S.D. Ind. 2003); *Benevolence Int'l Found., Inc. v. Ashcroft*, 200 F.Supp.2d 935. 938 (N.D. Ill. 2002); *Cruz v. County of DuPage*, No. 96 C. 7170, 1997 WL 370194, at *2 (N.D. Ill. June 27, 1997). These factors favor a stay in this case.

#### 1. The Civil Action Involves the Same Subject Matter as the Criminal Investigation.

The indictments of Defendants Finnigan, Villareal, and Suchocki, although not directly related to the incident alleged in this case, are related to the general SOS allegations in plaintiffs' Complaint. The other indictments of SOS ongoing state and federal investigations are also related to the claims alleged by plaintiffs. (*U.S. v. Finnigan*, 07 CR 634, Dkt 1.) As such, this civil action involves the same subject matter as the criminal investigation.

#### 2. The Criminal Proceedings and Investigations are Ongoing.

Several of the defendant officers are currently facing criminal charges, state or both federal and state. Also, criminal investigations are ongoing at the federal and state level. (*U.S. v. Finnigan*, 07 CR 634, Dkt 1 at 3: "there is a federal investigation into the activities of the Special Operations Section.".) The ongoing nature of the criminal proceedings, including

4

prosecuting agencies' continuing investigation of SOS allegations, supports staying this case to avoid interfering with or compromising the criminal inquiries and prosecutions.

### 3. The Public has Important Interests in Upholding the Fifth Amendment and Promoting Full and Fair Civil Trials.

A stay of the civil case will promote two important public interests. First, it will vindicate the public's interest in seeing that the protections afforded by the Fifth Amendment are safeguarded. *See*, *e.g.*, *Jones*, 216 F.R.D. at 452 (noting the public's "important interest" in "untainted" criminal prosecutions); *Ex parte Coastal Training Inst.*, 583 So. 2d 979, 981 (Ala. 1991) ("[Courts] must favor the constitutional privilege against self-incrimination over the interest in avoiding the delay of a civil proceeding."). Second, a stay will promote the public's interest in ensuring that civil disputes, including plaintiffs', are fairly decided on a full factual record. *Cf. Edwards v. Atrium Village*, 127 F.R.D. 494, 499 (N.D. Ill. 1989) (noting the "important public interest in having [an] issue decided on the basis of a full factual record").

### 4. The Efficient Use of Judicial Resources Favors a Stay.

Permitting discovery to proceed would be an inefficient use of resources. The stay will promote judicial efficiency in that it may reduce the scope of discovery necessary in this case or otherwise simplify the issues, and remove the burden of numerous privilege issues that are likely to arise if discovery proceeds. Should defendants or witnesses invoke their Fifth Amendment privilege and later waive it, a stay would also eliminate the need for multiple depositions of the same defendants. With twenty defendants in this case who could potentially assert a privilege, a stay could avoid a substantial amount of unnecessary discovery, unnecessary judicial rulings, and unnecessary disputes of fact.

### 5.　　A Stay Would Not Prejudice Plaintiffs.

As the prosecutors are actively investigating the activities of the SOS, the stay would not be in perpetuity. *See* Exhibit 2, at 7. Plaintiffs cannot demonstrate irreparable harm or prejudice if the Court grants a stay during this limited period prior to the resolution of the criminal investigations and proceedings.

### 6.　　Not Issuing a Stay Will Prejudice Defendants.

Plaintiffs are seeking to hold the City and Defendants Cline, Kirby, and Mayor Daley liable based on underlying allegations related to events occurring on or around March 27, 2004 and under their RICO claim, based on other alleged predicate acts involving the defendants. It is essential to the defendants that all parties to the alleged encounters testify and provide substantive responses to discovery. Contrary to the interests of the City and Defendants Cline, Kirby, and Mayor Daley and outside of their control, the likely and potential assertions of the Fifth Amendment by the individual defendant police officers will deprive all defendants of the testimony of the main witnesses in this case during discovery. Under such a scenario, plaintiffs would be the only parties to testify as to the underlying incident on March 27, 2004; none of the defendant police officers would present their side of the events. The first element of plaintiffs' *Monell* claim against the City is to prove that plaintiffs were victims of a constitutional violation. If there is no constitutional violation, plaintiffs cannot recover as a matter of law. The individual police officer defendants' testimony would be of paramount importance on the issue of whether or not there was a constitutional violation. The absence of the individual defendants' testimony will operate to provide only one side of the story. It would be unfairly prejudicial to defendants to proceed under these circumstances.

WHEREFORE, Defendants City of Chicago, Philip Cline, Debra Kirby, and Mayor Richard Daley respectfully request that this Court stay this matter pending resolution of the

criminal charges against defendants Finnigan, Villareal, and Suchocki and the resolution of the ongoing criminal investigation into the conduct of other SOS officers.

Dated: April 25, 2008                                   Respectfully submitted,

                                                                           s/Molly E. Thompson (ARDC No. 6293942)
Terrence M. Burns                                       One of the Attorneys for Defendants, the
Daniel M. Noland                                        City of Chicago, Philip Cline, Debra Kirby,
Molly E. Thompson                                       and Richard Daley
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois  60606

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2008 I caused the foregoing **Motion to Stay** to be served by CM/ECF Noticing on the parties listed below:

| | |
|---|---|
| Christopher R. Smith | Geri Lynn Yanow |
| Jared S. Kosoglad | City of Chicago, Department of Law |
| Law Office of Christopher R. Smith | 30 North LaSalle Street |
| 119 North Peoria Street | Suite 1400 |
| Suite 3A | Chicago, Illinois  60602 |
| Chicago, Illinois  60607 | 312.744.9010 |
| 312.432.0400 | |

s/ Molly E. Thompson (ARDC No. 6293942)
Molly E. Thompson

CHICAGO\2443905.1
ID\METH