IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE REYES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No 1:07-cv-6877 |
| ) | |
| CITY OF CHICAGO, et al., ) | JUDGE BUCKLO |
| ) | |
| Defendants. ) | **JURY DEMANDED** |

**PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND
CONSOLIDATION OF WRITTEN DISCOVERY**

Plaintiffs, by one of their attorneys, Jared S. Kosoglad, respectfully move this Honorable Court, pursuant to Fed. R. Civ. P. 26(b)(2) and 26(c), to issue a protective order against abuse of written discovery rules, consolidate defendants' written discovery to plaintiffs, and issue a deadline for the issuance of written discovery, in light of the defendants' discovery demands.

In support of this motion, plaintiffs state as follows:

1.  On April 30, 2008, this Court denied the defendants' various motions to stay in part. *See* Exhibit 1, 4/30/08 Court Order. On May 27, 2008, in ruling on defendants' motion for clarification, the Court permitted the moving defendants to avoid their written discovery obligations in the related case of Heidegger v. City of Chicago, 07 C 5738. Plaintiffs respected that this Court almost surely would have issued an identical ruling in this case and did not issue written discovery to the individual defendants.

2.  On May 15, 2008, some of the defendants issued four sets of written discovery requests, attached hereto as Group Exhibit 2, including defendant Handzel's contention

1

interrogatories, defendant Insley's expert interrogatories and document production requests, defendant Insley's requests to produce, and defendant Insley's interrogatories.

3. Based on a manual count of the discovery requests and their substantial subparts, plaintiff estimates the number of requests included in three of the four sets of discovery requests to exceed 360, exclusive of the contention interrogatories, since all four plaintiffs must answer all subparts. The contention interrogatories, because of the forms of the questions propounded (each plaintiff must answer about each defendant individually), seeks by plaintiffs estimation, in excess of 6,000 narrative discovery responses, when calculating that the four plaintiffs need to answer all subparts in regards to 24 defendants.[1]

4. Upon information and belief, several defendants, including defendant City of Chicago, are waiting to issue written discovery requests until such time as plaintiff answers those issued by defendants Case and Connelly.

5. Plaintiff submits that contention interrogatories are entirely inappropriate until such time as the defendants answer the Complaint in regards to this videotaped incident, to determine what facts, if any, are in dispute. Reportedly, many SOS officers are making admissions of widespread robberies.

6. In this case, plaintiff is alleging a widespread practice by these officers of lying and perjury. Plaintiffs contend that to make us answer discovery requests by these defendants is unfair and facilitates a dishonest defense of this case, since the defendants can wait and see what evidence plaintiffs produce against them and make decisions about what to admit, deny, and fail to remember after the stay is lifted.

---

[1] This number may be inflated because not all of the contention interrogatories relate to the defendants' conduct.

2

7. Moreover, the misconduct at issue is on videotape. Plaintiffs cannot possibly be expected to answer the questions interposed by the individual defendants, since it is the individual defendants, who have indicated they would plead the Fifth Amendment if compelled to testify, that know the identity of the individuals committing the misconduct on camera and off. In other words, the individual defendants are demanding information through written discovery some of which is exclusively in their possession. This should not be allowed.

8. Defendants' written discovery requests are in violation of Fed. R. Civ. P. 26 and 33(a)(1) because defendants have exceeded the number of written discovery requests permitted by the rules.

9. Pursuant to Fed. R. Civ. P. 26(c), plaintiffs seek that this Court either allow all parties to engage in written discovery against each other or forbid the individual defendants from engaging in written discovery since, as their counsel has represented, they have nothing to offer but Fifth Amendment silence. In the alternative, plaintiff seeks that the Court limit the defendants' written discovery requests to a total of 25 interrogatories and 25 production requests for the individual defendants as a group, including all discreet subparts, and 25 interrogatories and 25 production requests to the City of Chicago, including all discreet subparts. Plaintiffs also seek that this Court issue a deadline for the issuance of the written discovery requests to avoid a prolonged period of wasteful discovery efforts and to avoid a situation where every time written discovery is answered, new requests are tendered.

WHEREFORE, plaintiffs seek that this Honorable Court issue a protective order, consolidate the defendants' written discovery, and issue a deadline for the issuance of written

discovery, and/or for any such other and further relief that this Court deems appropriate.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he served the foregoing *PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND CONSOLIDATION OF WRITTEN DISCOVERY* to:

| BY ELECTRONIC MEANS | | |
|---|---|---|
| John Lamantia<br>2505 S. Des Plaines Avenue<br>North Riverside, IL 60546 | Daniel Noland, Terrence Burns, Molly Thompson<br>10 South Wacker Dr.<br>Suite 2300<br>Chicago, IL 60606<br>(866) 546-2597 | Geri Yanow, Jonathan Green, Joel Sandoval<br>30 N. LaSalle Street<br>Suite 1400<br>Chicago, IL 60602 |

by electronic means on June 20, 2008.

                                                                                             /s Jared S. Kosoglad
                                                                                             Jared S. Kosoglad

Jared S. Kosoglad
Christopher R. Smith
A Law Office of Christopher R. Smith
119 N. Peoria Ave., Suite 3A
Chicago, Illinois 60607
312-432-0400