IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE REYES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 07 CV 6877 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Judge Elaine E. Bucklo |
| | ) | |
| Defendants. | ) | Magistrate Judge Michael T. Mason |

## DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDERS

Defendants, City of Chicago ("City"), Philip Cline, Debra Kirby, and Mayor Richard Daley, by their attorneys, Terrence M. Burns of Dykema Gossett PLLC, pursuant to Fed.R.Civ.P. 26(c) and 45 C.F.R. §§ 160 and 164, move for entry of the attached "Qualified HIPAA and Confidential Matter Protective Order" and the attached "Supplemental "Attorneys' Eyes Only" Protective Order for Defendants." In support thereof, Defendants state as follows:

1.  The parties anticipate that documents pertaining to the parties and non-parties may be sought and produced in this matter. The parties also anticipate production in this litigation of personnel file-related information such as disciplinary history, Complaint Registers, and medical information covered by the Health Insurance Portability and Accountability Act. Complaint Registers contain personnel record information regarding police officers and other Chicago Police Department personnel (including third parties), including but not limited to personal identifiers of officers and their families, disciplinary histories, medical information, reports and other actions, as well as other information of

unrelated civilian parties and witnesses that is sensitive or of a non-public nature related to discipline, confidential statements, medical information, and personal identifiers.

2.　　Medical information is protected by the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 and 42 U.S.C. (2002). The "Privacy Standards" for such information is found at 45 C.F.R. §§ 160 and 164 (2000).

3.　　Personnel files, disciplinary histories and related information are protected by the Illinois Personnel Records Review Act, 820 ILCS 40/0.01 (West 2004), which protects the disclosure of employee personnel files, disciplinary histories and related information; the Illinois Freedom of Information Act, 5 ILCS 140/7 *et. seq.*, (West 2004), which exempts personnel files and documents appropriately contained in personnel files (i.e., disciplinary records) from disclosure; and Rule 3.6 of the Illinois Supreme Court Rules of Professional Conduct and Rule 83.53.6 of the Northern District Local Rules, which prevent lawyers from making extrajudicial statements the lawyer knows or reasonably should know is likely to be disseminated by public media, and, if so disseminated, would pose a serious and imminent threat to the fairness of an adjudicative proceeding.

4.　　The Defendants' proposed "Qualified HIPAA and Confidential Matter Protective Order," attached hereto, prohibits use of personnel files and other personnel and disciplinary information, medical information covered by the Health Insurance Portability and Accountability Act, and Complaint Register files for any purpose other than litigation of this case, prohibits their dissemination to parties outside this litigation, and requires their return to the producing party at the end of this litigation. Such an order would ensure the protection of such information, consistent with the principles of federal and Illinois law. This order will also protect against improper dissemination of confidential information and

unfairness in the trial process.

5.    The Defendants do not object to the disclosure of relevant production to other respective parties in accordance with the Federal Rules of Civil Procedure, but only seeks to limit the use of the production to this litigation and protect confidential information from dissemination to third parties.

6.    In addition, due to the particular circumstances of this case, including ongoing state and federal criminal investigations presently occurring in regard to the general activities of the Special Operations Section of the Chicago Police Department which may be implicated in this case, the fact that co-defendant in this case Jerome Finnigan has already been indicted for such activities by the state, and that Defendant Finnigan has been further indicted by the federal government for ordering a "hit" on fellow officers that have made, or may make, statements regarding conduct implicated in these pool of SOS cases, threatening their own safety and the safety of their families, the proposed "Qualified HIPAA and Confidential Matter Protective Order" for this case has an additional paragraph at the end providing for further "attorneys' eyes only" protection, as appropriate. At this stage, this further protection would take the form of the proposed "Supplemental Attorneys' Eyes Only Protective Order for Defendants," which may be modified or released by this Court, as appropriate, once the investigations and criminal matters have been concluded. This set of protective orders, the base order and the supplemental order, is based on the models used by Judge Shadur of the Northern District of Illinois in two SOS-related cases, *Padilla v. City of Chicago, et al.,* 06 C 5462 (involving the same Plaintiff's counsel as this case) and *Garcia v. City of Chicago, et al.*, 06 C 4340, streamlined with one supplemental order and modified to fit this case. Since that time, similar sets of orders have been entered in other SOS-related cases, including *Cook v.*

*City of Chicago, et al.*, 06 C 5930 (Judge Gettleman), *Estes v. Herrera, et al.*, 07 C 5386 (Judge Zagel), *Martinez v. City of Chicago, et al.*, 07 C 6879 (Judge Pallmeyer), and *Vega v. City of Chicago, et al.*, 07 L 2116 (Judge Flanagan in Cook County Circuit Court).

WHEREFORE, Defendants request that this Court enter the attached "Qualified HIPAA and Confidential Matter Protective Order" and the "Supplemental 'Attorneys' Eyes Only' Protective Order for Defendants" in this matter.

Respectfully submitted,

s/Molly E. Thompson (ARDC No. 6293942)
One of the Attorneys for Defendants
Philip Cline, Debra Kirby, Mayor Richard
M. Daley, and the City of Chicago

Terrence M. Burns
Daniel M. Noland
Molly E. Thompson
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois 60606

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2008 I caused the foregoing **Motion for Entry of Protective Orders** to be served by CM/ECF noticing on the parties listed below:

Christopher R. Smith
Jared S. Kosoglad
Law Office of Christopher R. Smith
119 North Peoria Street
Suite 3A
Chicago, Illinois  60607
312.432.0400

Geri Lynn Yanow
City of Chicago, Department of Law
30 North LaSalle Street
Suite 1400
Chicago, Illinois  60602
312.744.9010

John S. LaMantia
LaMantia Law Associates
2505 South Des Plaines Avenue
North Riverside, Illinois  60546
708.828.9011

        s/ Molly E. Thompson (ARDC No. 6293942)
        Molly E. Thompson

CHICAGO\2461742.1
ID\METH