**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSE REYES, et al., Plaintiffs | ) | |
| v. | ) | NO. 07 C 6877 |
| CITY OF CHICAGO, et al., Defendants. | ) | JUDGE BUCKLO |

**MOTION TO DISMISS**

Defendants, Chicago Police Lt. John Blake and Chicago Police Officers David Case, Michael Connelly, Brendan Cocoran, James Eldridge, Brian Ferguson, James Foley, Lance Handzel, Michael Harvey, Gregory Insley, Bartosz Maka, Donovan Markiewicz, John McGovern, Christopher Nelligan, Eric J. Olsen, Bret Rice and Guadalupe Salinas and Cheryl Hurley as Administrator of the Estate of John Hurley, (referred to herein as "individual non-indicted Officers"), by their attorney, Geri Lynn Yanow, Assistant Corporation Counsel for the City of Chicago, respectfully request that this Honorable Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismiss plaintiffs' complaint against them for failure to state a claim. In support of their motion, the individual non-indicted Officers, submit the following:

**STATEMENT OF THE CASE**

On December 6, 2007, plaintiffs Jose Reyes and Sonia Olazaba, on behalf of themselves individually and as the parents and guardians of Denise Fernandez and Kimberly Fernandez, minors, filed a fifteen count complaint against the City of Chicago, Chicago Police Superintendent Cline, Debra Kirby, Mayor Daley, the individual non-

indicted Officers and Frank Villareal, Jerome Finnegan and Carol Suchocki. Count I is an 18 U.S.C. § 1961, *et. seq.* claim (“RICO”) against the “the individual officers”. Count II is a 42 U.S.C. § 1983, Fourth Amendment Claim (Illegal Searches and Seizures) against “the Defendants”. Count III is a 42 U.S.C. § 1983 Due Process claim against the “ the Defendants”. Count IV is a 42 U.S.C. § 1983, Failure to Intervene claim against “the Defendants”. Count V is a 42 U.S.C. § 1983 *Monell* claim against the City of Chicago. Count VI is a 42 U.S.C. § 1983 - Equal Protection claim against “the Defendants”. Count VII is a 42 U.S.C. § 1983 - Equal Protection claim against “the Defendants”. Count VIII is a 42 U.S.C. § 1985 Conspiracy to Deny Equal Protection claim against “the Defendants”. Count IX is a 42 U.S.C. § 1983 - Excessive Force claim against “the Defendants”. Count X is a 745 ILCS 10/9-102 claim asserting that any liability “on one or more of the claims” would require the City of Chicago to be liable for the judgment, “attorneys[‘] fees and costs awarded”. Count XI is a state claim alleging “Trespass” against “the Defendants”. Count XII is a state claim alleging “Malicious Prosecution” against “the defendants”. Count XIII is a state claim alleging “Intentional Infliction of Emotional Distress” against “the defendants”. Count XIV is a state claim alleging “Assault” against “the defendants”. Count XV is a state claim alleging “Battery” against “the defendants”. This motion is filed soley on behalf of the individual non-indicted Officers.

**STANDARD OF REVIEW**

While a district court should dismiss a complaint under Fed. R. Civ. P. 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be

proven consistent with the allegations, " *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984), a court should not strain to find inferences not plainly apparent from the face of the complaint. *Coates v. Illinois State Bd. of Educ.*, 559 F.2d 445, 447(7th Cir. 1977). A plaintiff must plead, at least, those essential facts outlining all of the elements of the cause of action. *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 106 S.Ct. 1265 (1986); *Capalbo v. Paine Webber, Inc.*, 694 F. Supp. 1315, 1318 (N.D. Ill. 1988). It must be apparent from the face of the complaint that there is a direct linkage between the facts plead and the violation charged. *Coates*, 559 F.2d at 447. Only factual allegations should be considered, and a district court may freely reject allegations that are nothing more than legal conclusions. *Reichenberger v. Pritchard*, 660 F.2d 280, 282 (7th Cir. 1981). Moreover, a plaintiff can plead himself out of court by asserting facts that undermine his claims, (*Holman v. State of Indiana*, 211 F.3d 399, 406 (7th Cir. 2000) citing *Northern Trust Co. v. Peters,* 69 F.3d 123, 129 (7th Cir. 1995) ("More is not necessarily better under the Federal Rules; a party can plead himself out of court by ... alleging facts which ... demonstrate that he has no legal claim.' ") (quoting *Trevino v. Union Pacific R.R. Co.*, 916 F.2d 1230, 1234 (7th Cir.1990))), or, by alleging facts which constitute a defense. *United States Gypsum Co. v. Indiana Gas* Co., 350 F.3d 623, 626 (7th Cir. 2003). Factual allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the speculative level. *Bell Atlantic Corp. V. Twombly,* 127 S.Ct.1955, 1964 (2007).

## ARGUMENT

### A. Statute of Limitations

Plaintiffs filed their 15 count complaint on December 6, 2007. These allegations concern events which occurred on March 27, 2004. *See* pltfs' cmplt, ¶ 9. The incident complained of, occurred by plaintiffs' own admissions, on March 27, 2004. "If the allegations of the complaint 'show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.'" *Limestone Development Corp., v. Village of Lemont, IL*, 520 F.3d 797, 802 (7th Cir. 2008) (citations omitted). Since plaintiffs' complaint was untimely filed, counts II, III, IV, VI, VII, IX and X, must be dismissed as time barred and violative of the federal and state statutes of limitations.[1]

#### 1. State Statute of Limitations

Counts XI, XII, XIII, XIV and XV in plaintiffs' complaint are time-barred under Illinois law. The Illinois' Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") provides as follows:

> No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued. For purpose of this Article, the term "civil action" includes any action, whether based upon the common law or statutes or Constitution of this State.

745 ILCS 10/8-101.

[1] Plaintiffs Denise Fernandez and Kimberly Fernandez are minors and the applicable statutes of limitations may not apply to them. A generous reading of plaintiff's complaint, however, reveals that only counts II, IV, XIII, XIV may involve them.

Any state law tort claim that plaintiffs[2] are attempting to bring against the individual non-indicted Officers clearly falls within the ambit of the Tort Immunity Act. According to plaintiffs' complaint, the incident at issue occurred on March 27, 2004 when a group of police officers entered the bar Caballo's. *See* pltfs' cmplt, ¶ 10. Under Illinois law, a cause of action begins to accrue "when facts exist that authorize the bringing of the action." *Cortes-Devito v. Village of Stone Park*, 390 F.Supp.2d 706, 714 (2005) (citations omitted). The factual basis for any state law claim exists at the time of incident, since it is at that time that plaintiff knows, or should know, of it. *Id*.

Hence, plaintiffs Jose Reyes and Sonia Olazaba's individual state law claims accrued on March 27, 2004, the date of the complained of incident, and expired one year later. *Id.* Plaintiffs Jose Reyes and Sonia Olazaba, however, filed their complaint on December 6, 2007, almost 2 years beyond the one-year statute of limitations for such an actions. Since plaintiffs Jose Reyes and Sonia Olazaba did not file their complaint prior to March 28, 2005 (or April 22, 2005 for the malicious prosecution claim), they did not preserve their state law claims.[3] Thus, counts XI, XII, XIII, XIV, XV

---

[2] Plaintiffs' complaint does not identify which, if any, state law claim, applies to which plaintiff. Although notice pleading is the rule with respect to federal claims, Illinois state law claims requires that plaintiffs plead the ultimate facts to be proved. *See Casualty Insurance Co.*, 323 Ill.App.3d 1028, 1034, 257 Ill.Dec.175, 753 N.E.2d 370 (2001). Since plaintiffs Denise Fernandez and Kimberly Fernandez are minors, their state law claims (counts XII and XIV) may not be time-barred. However, plaintiffs' complaint as a whole is deficient with respect to any claims filed on behalf of the minors and those state law claims applicable to Denise Fernandez and Kimberly Fernandez should be dismissed for failure to state a claim. *See* arguments below.

[3] Assuming *arguendo* that plaintiffs' claim of intentional infliction of emotional distress (count XIII) is tied to the malicious prosecution claim, it also accrued on April 20, 2004 when plaintiff Jose Reyes' criminal case was terminated and is time-barred. *See Bergstrom v. McSweeney*, 294 F.Supp.2d 961, 969 (N.D. Ill. 2003) (Bergstrom's cause of action for intentional infliction of emotional distress which incorporated the conduct of his malicious

are time-barred and must be dismissed.

**2. Federal Statute of Limitations**

Counts II, III, IV, VI, VII, VIII and IX allege violations of 42 U.S.C. §§ 1983 and 1985. The personal injury statute of limitations in the state where the alleged injury occurred determines the statute of limitations for §§1983 and 1985 actions. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985); *Manley v. City*, 236 F.3d 392, 395 (2001). In Illinois, the statute of limitations for personal injury lawsuits is two years. *See* 735 ILCS 5/13-202; *Wilson v. Garcia*, 471 U.S. 261 (1985). The incident at issue occurred on March 27, 2004, and, therefore, plaintiffs had until March 28, 2006 to file any claim under §§1983 and 1985. See *Sanders v. Venture Stores, Inc.,* 56 F.3d 771 775 n.2 (7th Cir. 1995); *Kelly v. City of Chicago,* 4 F.3e 509, 511 (7th Cir. 1993). Plaintiffs' complaint was filed on December 6, 2007, nearly 3 years after the incident at issue. Thus, counts II, III, IV, VI, VII, VIII and IX are time-barred and must be dismissed.

**B. Civil RICO**

With respect to count I, plaintiffs have failed to state a claim against the non-indicted individual Officers because they will be unable to establish the elements necessary to sustain a claim under 18 U.S.C. Section 1961, *et. seq. ("*RICO"). Moreover, plaintiffs here have no standing to bring a RICO claim since they have not and cannot show injury to "his business or property by reason of a violation of section 1962." *Cannon v. Burge*, 2007 WL 2278265 *2 (N.D.Ill).

The Supreme Court has clearly held that a plaintiff alleging a civil RICO violation

---

prosecution claim "did not accrue until the state criminal proceedings against him were terminated." *Id.*

only has standing[4] to recover "to the extent that he has been injured in his business or property by conduct constituting the violation." *Sedima,S.P.R.L. v. Imrex Colk,* 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985); *see also Evans v. City*, 434 F.3d 916, 924-926 (7th Cir. 2006) ("[t]he terms 'business or property' are, of course, words of limitation which preclude recovery for personal injuries and the pecuniary losses incurred therefrom")(citations omitted). *Id.* at 925. The Seventh Circuit has agreed with the Eighth Circuit that "injuries proffered by plaintiffs in order to confer RICO standing must be 'concrete and actual' as opposed to speculative and amorphous," *(see Evans* at 932 (citing *Regions Bank v. J.R. Oil Co., LLC,* 387 F.3d 721, 728 (8th Cir. 2004)) and held that "a cause of action does not accrue under RICO until the amount of damages becomes clear and definite." *Id.*

Here, plaintiff identifies the City of Chicago, the Chicago Police Department and the Special Operations Sections as the "racketeering enterprise" and alleges that the pattern of racketeering activity includes such activities as kidnaping, robbery, obstruction of justice, intimidation of witnesses, retaliation against witnesses, interference with commerce by threats and violence, influencing, delaying and preventing testimony, hindering/and or preventing the communication of federal offenses to law enforcement agencies and judicial officers, "as detailed more fully throughout this Complaint". *See* pltf's cmplt, count I, ¶22.

---

4 The Seventh Circuit has held that the issue of standing "represents a jurisdictional requirement which remains open to review at all stages of the litigation." *Evans v. City*, 434 F.3d 916, 924 (7th Cir. 2006) ("In order for Evans to secure standing to sue under RICO, he must first present the court with evidence that he incurred an injury to his 'business or property' within the meaning of § 1964.") *Id.* at 924-925.

Plaintiff's complaint however, fails to "detail more fully" or in fact, to allege any act by the Officers or specifically by the individual non-indicted Officers which remotely includes robbery, kidnaping, intimidation, retaliation, interference with commerce, preventing testimony or hindering the communication of federal offenses to law enforcement agencies as listed above. The allegations contained in plaintiffs' complaint amount to claims of constitutional violations concerning his arrest on March 27, 2004. These allegations do not rise to the necessary tests to sustain any claims under RICO against the individual non-indicted Officers. See *E vans,* 434 F.3d at 928, fn. 23 ("It is unlikely that the legislature would have had the foresight to see the law being utilized in an action against a municipality or its police officers. . . .").

Furthermore, plaintiffs' allegations and damages here are personal injuries which "do not provide them standing in civil RICO actions. . . ." *E vans,* 434 F.3d at 926. Essentially, plaintiffs claim that they "were injured in their business and property, including but not limited to lost income in the past, present, and future damage to the business' reputation"; "financial loss"; "exposure to public scandal"; "damage to their reputation and occupation"; "severe, permanent, and life-threatening physical injuries, pain, mental suffering, anguish and humiliation"; "lost liberty, attorneys' fees, lost work"; "severe emotional distress"; "severe depression, nightmares, anxiety attacks, stress disorders, phobias, and flashbacks" *See* pltfs's cmplt, count 1 ¶ 53, count II ¶ 52, count VIII ¶ 55, count IX ¶ 52, count XII ¶ 53, count XIII ¶ 53, count XIV ¶ 55, count XV ¶ 53.

Although the specific information concerning business and property injuries is required to be pled in the complaint, Officer Handzel sent all plaintiffs written discovery (interrogatories, contentions interrogatories and requests for production), in order to

ascertain the business and property injuries alleged against the individual non-indicted Officers. *See* Exhibits B, C, D attached. Plaintiffs refused to timely answer that discovery, and instead, after the discovery was due, filed a motion for a protective order that such discovery was too cumbersome to answer. In response to that motion, this Court stayed the entirety of this matter for at least 90 days, but, upon plaintiffs' insistence, required defendants to answer the complaint.

The Seventh Circuit has found that these losses are not sufficient to state a claim under civil RICO. *See Evans*, 434 F.3d at 927 (pecuniary losses flowing from personal injuries, emotional distress, harassment and intimidation and inability to pursue or obtain employment do not satisfy the requirements for standing necessary to sustain a RICO claim). Therefore, since plaintiffs do not have standing and fail to establish elements necessary to assert a civil RICO claim, count I, against the individual non-indicted Officers, must be dismissed for failure to state a claim.

**C. Alternative grounds for dismissal**

**1. Count III (Due Process)**

Plaintiffs' purported Fourteenth Amendment due process claim must be dismissed for the following reasons:

a. plaintiff fails to allege, in more than a conclusory fashion, a deprivation of life, liberty or property without due process of law. *See Parratt v. Taylor*, 451 U.S. 527-538 (1981), *Daniels v. Williams*, 474 U.S. 327, 331-332 (1986);

b. the availability of adequate state tort remedies to redress alleged violations or procedural due process fulfills the requirements of due process. *See Parratt*, 451 U.S. at 543-544; *Guenther v. Holmgreen*,7 738 F.2d 879, 882 (7th Cir. 1984); *Baltz v. Shelley*, 661 F. Supp. 169, 181 (N.D. Ill.

1987);

c. the Supreme Court has made it clear that claims of unlawful seizure should be asserted under the fourth, not the fourteenth amendment. *See Graham v. Conner*, 409 U.S. 386, (1989); *Lester v. City of Chicago*, 830 F. 2d 706, 710 (7th Cir. 1987; *Moy v. City of Chicago*, 735 F. Supp. 279 (N.D. Ill. 1990); and

d. plaintiff's allegations do not violate the 14th amendment rights of access to the courts, *Gibson v. City*, 910 F.2d 1510 (7th Cir. 1990); as plaintiffs have not alleged either that they had no access to the state court or to this court.

Moreover, plaintiffs must establish a "cognizable property interest" as a "threshold prerequisite" to a due process claim. *See General Auto Service Station v. City of Chicago*, 526 F.3d 991, 1002 (7th Cir. 2008) ("For purposes of a due process claim, property interests are created and defined by an independent source, such as a contract or state law.") *Id.* at 1000. Count II, on its merits, must be dismissed for failure to state a claim and, as an alternative ground for dismissal, the claims asserted in count II against the individual non indicted Officers must be dismissed..

**2. Count IV (Failure to Intervene)**

In order to state a viable failure to intervene claim against any of the individual non-indicted Officers, plaintiffs must establish that a specific officer had knowledge that excessive force or false arrest, or "that any constitutional violation has been committed by a law enforcement official; *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring." *See Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). The problem for plaintiffs here is obvious: they do not name any specific individual officer who knew that a constitutional violation occurred and was in a realistic position to

prevent the harm. Count IV, on its merits, must be dismissed for failure to state a claim and, as an alternative ground for dismissal, the claims asserted in count IV against the individual non indicted Officers must be dismissed.

**3. Counts VIII (§ 1985 - Conspiracy to Deny Equal Protection)**

Plaintiffs' claims that defendants "conspired and agreed among themselves to deprive" plaintiffs of their equal protection rights, fails for the reasons stated below. The individual non-indicted Officers, indeed all defendants, are entitled to rely on the "intra-corporate conspiracy doctrine" which indicate that plaintiffs will be unable to establish that any defendant "conspired with others to deprive [them] of equal protection of the law." *See Keri v. Board of Trustees of Purdue University*, 458 F.3d 620, 641-641 (7th Cir,. 2006) ("To be a conspirator, the Defendant would have to have a co-conspirator or co-conspirators with whom to conspire. In a corporate conspiracy, co-conspirators must be outside the corporation". Count VIII, on its merits, must be dismissed for failure to state a claim and, as an alternative ground for dismissal, the claims asserted in count VIII against the individual non indicted Officers must be dismissed.

**4. Count XII (Malicious Prosecution)**

In order to establish malicious prosecution under Illinois law, a plaintiff must allege facts showing: "1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; 2) the termination of the proceeding in favor of the plaintiff; 3) the absence of probable cause for such proceeding; 4) the presence of malice; and 5) damages resulting to the plaintiff." *Joiner v. Benton*, 411 N.E.2d 229, 232 (1980). It is not enough that plaintiff Jose Reyes alleges that the officers lacked

probable cause.[5] *See* pltf's cmplt, count XII, ¶ 51. Plaintiff Jose Reyes does not allege that he was falsely arrested or that any individual non-indicted Officer commenced or continued the "civil judicial proceeding."

Plaintiff Jose Reyes must also establish that his criminal case was dismissed "for reasons indicative of plaintiff's innocence." *See Ferguson*, 213 Ill.2d 94, 192, 820 N.E.2d 455, 461, 289 Ill.Dec. 679, 685 (2004). "[A] malicious prosecution action cannot be predicated on underlying criminal proceedings which were terminated in a manner not indicative of the innocence of the accused." *Swick v. Liautaud*, 169 Ill.2d 504, 662 N.E.2d 1238, 1242, 215 Ill.Dec. 98 (1996) (citing *Joiner,* 411 N.E.2d at 232). The court records[6] indicate that plaintiff Jose Reyes was arrested on March 27, 2004 for possession of a controlled substance, and that his case was "nolle prosequi" on April 20, 2004. *See* Exhibit A.

A *nolle prosequi* fulfills the second requirement only when the dismissal is indicative of the innocence of the accused. *Swick* at 512, 1242, 102 . The plaintiff bears the burden of proof of a favorable termination. *Id.* at 513-14, 1243, 103 . "Only when a plaintiff establishes that the *nolle prosequi* was entered for reasons consistent with his innocence does the plaintiff meet his burden of proof." *Id.* Here, plaintiff Jose Reyes has not, and cannot, allege facts showing a termination of the criminal

---

[5] Interestingly, plaintiffs' complaint does not allege a claim for false arrest. *See* pltfs cmplt.

[6] "In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir.1994)." *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000).

proceedings indicative of his innocence. Count XII, on its merits, must be dismissed for failure to state a claim and, as an alternative ground for dismissal, the claims asserted in count XII against the individual non indicted Officers must be dismissed..

**5. Eighth Amendment**

Plaintiffs claim to bring this action pursuant to the Eighth Amendment. *See* pltfs cmplt, ¶ 2. Any purported allegations concerning the Eighth Amendment (a review of the complaint does not indicate that any specific count alleges violations of the Eighth Amendment) must be dismissed. The Eighth Amendment provision against cruel and unusual punishment is triggered only after a formal adjudication of guilt and is not properly brought against any defendant. (The Eighth Amendment applies "only after the state has complied with the constitutional guarantees traditionally associated with criminal prosecutions... The state does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *Ingram v. Wright,* 430 U.S. 651, 671-672, n. 40 (1977)); *Bell v. Wolfish,* 441 U.S. 520, 535, n. 16 (stating claims of pretrial detainees should not be considered under the Eighth Amendment).

Plaintiff Jose Reyes was not convicted since his case was “nolle prosequi”, therefore, the Eighth Amendment does not apply. *See Bell*, 441 at 535 n.16 (1979); *Rogers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13,17 (1984, *aff'd* 771 F.2d 194 (7th Cir. 1985). Thus, as an alternative ground for dismissal, any Eighth Amendment claims in plaintiffs’ complaint asserted against the individual non-indicted Officers should be dismissed for failure to state a claim.

**WHEREFORE,** Lt. John Blake and Officers David Case, Michael Connelly, Brendan Cocoran, James Eldridge, Brian Ferguson, James Foley, Lance Handzel, Michael Harvey, Gregory Insley, Bartosz Maka, Donovan Markiewicz, John McGovern, Christopher Nelligan, Eric J. Olsen, Bret Rice and Guadalupe Salinas and Cheryl Hurley as Administrator of the Estate of John Hurley , respectfully request that this Honorable Court respectfully request that this Honorable Court dismiss plaintiffs' claims against them.

Respectfully submitted,

/S/ GERI LYNN YANOW
GERI LYNN YANOW
Assistant Corporation Counsel

30 N. LaSalle Street
Suites 1400
Chicago, Illinois 60602
(312) 744-2837
(312) 744-6566 (FAX)
Attorney No.: 06198618

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I have caused true and correct copies of the above and foregoing, **MOTION TO DISMISS PLAINTIFFS' COMPLAINT** to be electronically delivered to the persons named in the foregoing Notice at the address therein shown, on this 25th day of July, 2008.

/S/ GERI LYNN YANOW
GERI LYNN YANOW