IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE REYES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   07 C 6877 |
| | ) |
| CITY OF CHICAGO, et al., | )   Judge Elaine E. Bucklo |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS**

Defendants, City of Chicago, Mayor Richard M. Daley, Philip Cline, and Debra Kirby, by their attorney, Terrence M. Burns of Dykema Gossett PLLC, pursuant to FRCP 12(b)(6), move this Court for an order dismissing plaintiffs' complaint. In support of their motion, defendants state:

**INTRODUCTION**

1. Plaintiffs have filed this action against several defendants, including the City of Chicago ("City"), Mayor Richard M. Daley, Philip Cline, who was the past Superintendent of the Chicago Police Department ("CPD"), Debra Kirby, formerly the head of the CPD's Internal Affairs Division, and individual Chicago Police Officers. The complaint arises from an alleged incident on March 27, 2004 involving the individual defendant officers. Plaintiffs assert §1983 claims, a Racketeer Influenced and Corrupt Organizations Act ("RICO") claim, and pendant state law claims. (*See* Compl., Dkt. 1.)

2. For the reasons stated below, along with the reasons stated in the Motion to Dismiss filed by certain individual defendant officers (Dkt. 53), which is incorporated herein, plaintiffs' complaint should be dismissed in its entirety. As stated in the individual officers'

motion to dismiss, plaintiffs Jose Reyes and Sonia Olazabas' state law and Section 1983 claims are barred by the statute of limitations, those claims by all plaintiffs fail on additional grounds, and plaintiffs' RICO claim fails to meet the essential elements of such a claim and lacks the requisite injury to support it.

3. As against the City, plaintiffs RICO count cannot stand for another reason. Plaintiffs seek to impose liability directly against the City under their RICO count. (*See* Compl., count I.) An action under RICO, however, with its mandatory award of treble damages, cannot be maintained against a municipality. The City therefore cannot be held liable, even for compensatory damages, under that statute.

4. Additionally, the *Monell* claim against Mayor Daley, Debra Kirby, and Philip Cline is asserted against them in their capacities as municipal officials. (*See* Compl. ¶¶ 6, 7, 8, and count V.) These municipal defendants, sued in their official capacities only, should be dismissed as parties to this action as the claim against them is redundant to the *Monell* claim asserted against the City.

## STANDARD OF REVIEW

5. A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted if the challenged pleading fails to state a claim upon which relief can be granted. *Corcoran v. Chicago Park District*, 875 F.2d 609, 611 (7th Cir. 1989). Such a motion tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Although when considering a motion to dismiss a court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom (*see Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005)), a court is not obligated to accept a complaint that merely raises the possibility of relief. *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). In addition, a court should not strain to find inferences not

plainly apparent from the face of the complaint. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).

## ARGUMENT

### I. The Claims Against the City Should Be Dismissed for the Same Reasons the Claims Against the Individual Officers Should Be Dismissed.

6. The motion to dismiss filed by certain individual defendant officers (Dkt. 63) demonstrates why plaintiffs' complaint must be dismissed in its entirety. First, as the defendants' motion to dismiss explains, plaintiffs Jose Reyes and Sonia Olazaba's claims under state law and Section 1983 must be dismissed as time barred. *Id.* at 3 – 5. Second, the RICO count must be dismissed for failure to state a claim because plaintiffs have failed to meet the required elements of a RICO claim, including a failure to allege any injury to their business or property. *Id.* at 6 – 9. Finally, plaintiffs' claims under state law and Section 1983, even if they were not barred by the statute of limitations, fail for additional reasons. *Id.* at 9 - 13.

7. Since the claims against the City are based upon the claims against the officers, either by way of *Monell*, statutory indemnification, or respondeat superior, the claims against the City must be dismissed as well as the claims against the officers.[1] *See, e.g., Forsythe v. State*, 1996 WL 111933 *2 (N.D. Ill. 1996) (*Monell* claim would run afoul of the statute of limitations applicable to § 1983 claims where events that would form the basis of the action occurred more than two years earlier). Thus, all counts of the complaint directed against the City should be dismissed with prejudice pursuant to the reasons stated in the individual defendant officers' motion to dismiss, as well as the reasons stated below.

---

[1] While the RICO claim against the City is not necessarily derivative of the RICO claims against the individual defendants, it is not properly brought against the City, as explained *infra*. Moreover, it fails to state a claim against the City for the same additional reasons that it fails to state claim against the individual officers.

## II.     The City Cannot Be Liable Under RICO, Even for Compensatory Damages.

8.      As courts repeatedly hold, RICO claims against municipalities must be dismissed because Congress did not intend to subject municipalities to liability under that statute.[2] *See Pelfresne v. Village of Rosemont*, 22 F.Supp.2d 756, 761 (N.D.Ill. 1998) ("As defendants correctly point out, municipal corporations cannot be held liable under § 1964(c)"). *See also Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996); *Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 404-05 (9th Cir. 1991) (holding civil RICO claims against a public hospital district were properly dismissed because government entities are incapable of forming the malicious intent necessary to support a RICO action and because civil RICO damages are exemplary); *Genty v. Resolution Trust Corporation*, 937 F.2d 899, 910 - 11 (3d. Cir. 1991) (finding that regardless of the question of *mens rea*, municipal corporations are not within the ambit of the objectives of RICO); *Lathrop v. Juneau and Associates, Inc. P.C.*, 220 F.R.D. 330, 334 (S.D.Ill. 2004).  While several courts have reached this conclusion based on a municipality's inability to have the requisite malicious intent, *see., e.g., Lancaster Community Hosp*, 940 F.2d at 404-05, even if the predicate acts do not require malicious intent, the statute has been found inapplicable to government entities because RICO is essentially punitive in nature, *Genty*, 937 F.2d 899, 910.  Under either reasoning, the courts agree, Congress did not intend to hold municipalities liable under RICO.  As a municipality, the City cannot be liable and should be dismissed from plaintiffs' claim.

9.      Additionally, plaintiffs cannot circumvent this rule by seeking only compensatory damages from the City under RICO.  The RICO claim does not allow for such discretion. *Genty*,

---

[2] It does not appear that plaintiffs are asserting their RICO claim against defendants Daley, Cline, and Kirby, but in the event they intended to, such claims would also fail because city officials sued in their official capacity, just like the City itself, cannot be liable under RICO. *Lathrop v. Juneau and Associates, Inc. P.C.*, 220 F.R.D. 330, 335 (S.D.Ill. 2004).

937 F.2d at 914 ("It is clear that trial courts and juries are at no liberty under RICO to award any amount less than treble damages.")  The plain language of RICO, as the court in *Genty* explained, "instructs that injured persons 'shall recover' treble damages and costs and attorneys fees." *Id.*  The civil RICO claim thus "requires" that the successful plaintiff be awarded treble damages. *Id.*  Plaintiffs' claim against the City is in contravention of both this mandatory treble damages rule and the purpose and scope of RICO, and should therefore be dismissed.

**III.** **The *Monell* Claims Against Mayor Daley, Cline, and Kirby are Redundant of the Claim Against the City and Should be Dismissed.**

10. The Seventh Circuit, following *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099 (1985) (hereinafter, "*Graham*"), has determined that suits against city employees and officials in their official capacities are redundant and unnecessary when the municipal entity is also a named defendant, and are properly dismissed. *See*, *e.g.*, *Schmidling v. City of Chicago*, 1 F.3d 494, 495 n. 1 (7th Cir. 1993).  A suit against a municipal official in his or her official capacity is nothing more than a suit against the municipality itself.  *See Graham*, 473 U.S. at 165-66.  For example, a complaint naming a mayor as a defendant in his official capacity is simply the equivalent of suing the city.  *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987), citing *Brandon v. Holt*, 469 U.S. 464, 471-73, 105 S.Ct. 873 (1985), and *Graham*, *supra*.  An official capacity suit is not an action against the named official personally because the real party in interest is the municipality.  *Graham*, 473 U.S. at 166.

11. In *Graham*, the Supreme Court determined that official capacity suits represented only another way of pleading an action against a municipality.  473 U.S. at 165.  The Court held that, "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Id.* at 166.  "It is *not* a suit against the official personally, for the real party in interest is the

entity." *Id.* (emphasis in original). The *Graham* court concluded, "There is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, local government units can be sued directly for damages and injunctive or declaratory relief." *Id.* at 167, n. 14.

12. Courts in the Seventh Circuit have relied on *Graham* and repeatedly have dismissed official capacity claims as redundant when a complaint is brought against both a municipality and its officers in their official capacities. For example, the Seventh Circuit followed *Graham* and determined it was proper to dismiss Mayor Daley where he was sued in his official capacity, finding that a suit against the mayor was the same as a lawsuit against the City of Chicago. *Schmidling*, 1 F.3d at 495, fn. 1. Other courts have reached similar conclusions. See *Jungels*, 825 F.2d at 1129 ("Actually there is one defendant – the city – not two; for the complaint names the mayor as a defendant in his official capacity only, which is the equivalent of suing the city"); *Bruce v. South Stickney Sanitary District*, 2001 WL 968726, at *2 (N.D. Ill. 2001) (suit against sanitary district supervisor in his official capacity dismissed with prejudice as redundant to suit against district itself); *Levett v. Board of Education of the City of Chicago*, 2000 WL 960726, at *1 (N.D. Ill. 2000) (§1983 suit against individual defendants in their official capacities is "purely redundant" of action against the Board of Education and therefore must be dismissed); *Singleton v. Chicago School Reform Board*, 2000 WL 777925, at *17 (N.D. Ill. 2000) (where plaintiff already sued Board of Education under §1983, the suit against individual board members and the school superintendent in their official capacities was "purely redundant" and properly dismissed); *Nagle v. Chicago School Reform Board*, 1999 WL 160234, at *12 (N.D. Ill. 1999) ("The court grants defendants' motion to dismiss the counts against the individual defendants in their official capacities on the redundancy argument");

*Contreras v. City of Chicago*, 920 F.Supp. 1370, 1376-77 fn. 1 (N.D. Ill. 1996) (official capacity claims against a city commissioner were dismissed pursuant to a finding that such claims were redundant because the plaintiffs also named the city itself as a defendant); *Williams v. City of Chicago*, 1994 WL 594674, at *4 (N.D. Ill. 1994) (the plaintiff's suit against a police superintendent in his official capacity was dismissed as redundant and unnecessary since the municipality also was being sued); *Amati v. City of Woodstock*, 829 F.Supp. 998, 1011 (N.D. Ill. 1993) (§1983 claim against a public official in his official capacity was redundant and unnecessary where the complaint also included a §1983 claim against the municipality, rendering appropriate the dismissal of the claim); and, *Kohn v. Mucia*, 776 F.Supp. 348, 356 (N.D. Ill. 1991) (official capacity suits against police department officials were dismissed as redundant and unnecessary because they were essentially suits against the city, which already was a named defendant).

13. Judge Shadur, dismissing Mayor Daley *sua sponte* as a defendant to a Section 1983 claim, found that the notion of naming mayors and cities both as defendants in civil rights actions "is basically at odds with the teaching of *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691 (1978) and its almost innumerable progeny, which ground Section 1983 liability solely on a defendant's direct involvement, rather than on respondeat superior principles." *McDonald v. City of Chicago*, No. 08 C 3645, 2008 WL 2741216, *1 (June 7, 2008).

14. In this case, a review of the pleadings makes clear the real party in interest in the *Monell* claim is the City, not any of the named municipal officials. The allegations invoke traditional *Monell* concepts and specifically complain of alleged municipal policies, practices, and customs. Moreover, the pleading explicitly alleges these municipal defendants are sued in

their official capacities. And more substantively, the complaint fails to identify a discrete policy for which plaintiffs seek to hold these defendants, or any other municipal official, directly responsible.

15. The allegations against Mayor Daley, Debra Kirby, and Philip Cline are asserted against them in their official capacities only. As such, the claims are redundant and unnecessary in light of plaintiffs' attempted *Monell* claim against the City. If any part of this action is to survive, these municipal defendants must be dismissed from it.

WHEREFORE, Defendants, City of Chicago, Mayor Richard M. Daley, Debra Kirby, and Philip Cline, respectfully move this Court for an order dismissing plaintiffs' complaint with prejudice.

Dated: July 30, 2008                                    Respectfully submitted,

                                                        s/Molly E. Thompson
Terrence M. Burns                                       One of the Attorneys for Defendants
Daniel M. Noland                                        Philip Cline, Debra Kirby, Mayor Richard
Molly E. Thompson                                       M. Daley, and the City of Chicago
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois  60606

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2008 I caused the foregoing **Motion to Dismiss** to be served by CM/ECF Noticing on the parties listed below:

| | |
|---|---|
| Christopher R. Smith<br>James M. Baranyk<br>Law Office of Christopher R. Smith<br>119 North Peoria Street<br>Suite 3A<br>Chicago, Illinois 60607<br>312.432.0400 | Geri Lynn Yanow<br>Jonathan Clark Green<br>Joel G. Sandoval<br>City of Chicago, Department of Law<br>30 North LaSalle Street<br>Suite 1400<br>Chicago, Illinois 60602<br>312.744.9010 |
| Steven Craig Rueckert<br>Law Offices of Steven C. Rueckert<br>53 West Jackson Boulevard<br>Suite 1410<br>Chicago, IL 60604-3703<br>312.427.6464 | John S LaMantia<br>LaMantia Law Associates<br>72 S. LaGrange Road , #9<br>LaGrange, IL 60525-1521<br>708.588.8266 |

s/ Molly E. Thompson (ARDC No. 6293942)
Molly E. Thompson

CHICAGO\2476398.1
ID\METH