IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE REYES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 07 C 6877 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Judge Elaine E. Bucklo |
| | ) | |
| Defendants. | ) | |

## **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants, City of Chicago, Mayor Richard M. Daley, Philip Cline, and Debra Kirby, by their attorney, Terrence M. Burns of Dykema Gossett PLLC, in reply to plaintiffs' response and in support of their motion to dismiss, state:

## **INTRODUCTION**

As a threshold matter, plaintiffs' claims against the City must fail for the same reasons the underlying claims against the individual officers must fail. Accordingly, the City adopts the individual officers' reply in support of their motion to dismiss. In addition, plaintiffs fail to demonstrate how their *Monell* claim could survive despite dismissal of the underlying substantive claims against the individual officers. As to plaintiffs' Racketeer Influenced and Corrupt Organizations Act ("RICO") claim, even putting aside the individual defendant officers' arguments supporting dismissal of that claim, as against the City, it fails from the outset. A municipal corporation cannot be liable under RICO. Finally, plaintiffs do not oppose the City's motion for dismissal of Defendants Daley, Cline, and Kirby from this case. Thus, all claims against those defendants must be dismissed.

**ARGUMENT**

I. **Plaintiffs Jose Reyes's and Sonia Olazabas's *Monell* Claim is Untimely Just as Their Section 1983 Claims Against the Individual Defendant Officers are Untimely.**

Plaintiffs' *Monell* claim is based upon underlying claims of alleged constitutional injuries that occurred over three and a half years before plaintiffs filed their complaint.[1] Yet, plaintiffs argue that their *Monell* claim "could not have accrued until the Special Operations Section ("SOS") scandal became front page news," summer of 2006 at the earliest. (Pltf.'s Resp. 9.) Plaintiffs argue they had "no good faith basis" to bring their *Monell* claim until the SOS indictments were issued, but fail to explain how the indictments of six SOS officers, only one of which is a defendant in this case, relate to the factual allegations that form the basis of their *Monell* claim. (*See* Pltf.'s Resp. 9.) For example, plaintiffs' allegations include an express practice of the City to "refuse[] to consider patterns of misconduct allegations, when evaluating merits of particular civilian complaints," (Compl. ¶ 55), and the City's alleged failure to investigate and discipline instances of misconduct, (Compl. ¶ 52 (g) – (j)). Plaintiffs' broad and multifarious policy and practice allegations about the entire Chicago Police Department must have a factual basis that predates and extends beyond the scope of the indictments of six SOS officers, which occurred over two and a half years after plaintiffs' alleged injuries in this case. (*See* Compl. at count v.) Plaintiffs cannot rely upon a supposed revelation they had in summer 2006 in order to bring a time-barred *Monell* claim that sweeps much wider than the alleged facts published in newspapers and publicly released at the time of the SOS indictments.

Moreover, the *Monell* "discovery rule" contrived by plaintiffs has no support in law. In fact, it has been explicitly rejected in this jurisdiction. *See Evans v. City of Chicago*, 2007 WL

---

[1] The City admits that only Jose Reyes's and Sonia Olazabas's claims are time-barred.

4219415 (ND Ill. 2007). As the court found in *Evans*, "accrual looks at discovery of the injury not the cause of it." *Id.* at *3. The *Evans* court noted that "nothing in Seventh Circuit case law" supports viewing a *Monell* claim differently from any other civil rights claims, which accrues upon discovery of the injury. *Id.* Plaintiffs attempt to support their version of the discovery rule by citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990), and *Johnson v. Garza*, 2008 WL 2700296 (N.D. Ill. July 11, 2008), cases which in fact contradict plaintiffs' version of the discovery rule. These cases, consistent with *Evans*, find that accrual occurs on the date plaintiff discovers he was injured. *Cada*, 920 F.3d at 450; *Johnson*, 2008 WL 2700296, *3.

      The other case cited by plaintiff, *Blackman v. City of Kokomo*, if considered beyond an isolated quote, actually supports dismissal of the *Monell* claim here, based on the untimeliness of plaintiffs' underlying claims against the individual defendant officers.[2] *See Blackman*, 2006 WL 694367, *10 ("a municipality's liability for a constitutional injury requires a finding that the officer[] [is] liable on the underlying substantive claim." (*quoting Treece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir.)).) Time-barred constitutional claims against the individual defendant officers are at the root of Jose Reyes's and Sonia Olazabas's *Monell* claim. All plaintiffs' claims against the individual officers fail for the additional reasons stated in the individual defendant officers' motion to dismiss. Absent individual officer liability for those underlying constitutional claims, plaintiffs' *Monell* claim against the City must fail.

---

[2] In the quote cited by plaintiff (Pltf.'s Resp 9), the court in *Blackman v. City of Kokomo* misconstrues *Wallace v. City of Chicago*, 2006 WL 549008 (7th Cir. Mar. 8, 2006). The *Blackman* court cites *Wallace* for its purported holding that Section 1983 claims accrue when "the plaintiff knows both the existence and the cause of his injury." *Blackman*, 2006 WL 694367, *3 (S.D. Ind. March 16, 2006). That holding goes further than the *Wallace* opinion. *See, e.g.*, *Holland v. City of Chicago*, 2007 WL 114293 (N.D.Ill. Jan 8, 2007) ("the *Wallace* Court explicitly limited its analysis to Fourth Amendment claims, holding that '[w]hen a person's Fourth Amendment rights have violated by a false arrest, the injury occurs at the time of the arrest.'" (*quoting Wallace*, 440 F.3d 421, 425 (7th Cir. 2006)); *Ollins v. O'Brien*, 2006 WL 1519286 (N.D.Ill. May 26, 2006) (recognizing the "clear accrual rule" of Wallace, which holds that false arrest claims accrue on the day of arrest).

## II. As a Municipality, the City Cannot Be Liable Under RICO.

Plaintiffs' only argument relating to governmental entities and RICO misses the mark. The City never denied that a municipality could constitute an "enterprise" under RICO. Plaintiff offers no law, however, to support a finding that the City could be *liable* under RICO. Indeed, there is no such law. A municipal corporation could not be liable under RICO, even if that municipal corporation qualified as an "enterprise" through which racketeering is conducted. *Pelfresne v. Village of Rosemont*, 22 F.Supp.2d 756, 761 (N.D.Ill. 1998) (finding that the Village could be named as an enterprise, but could not be liable under RICO because it is a municipal corporation). *See also Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996); *Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 404-05 (9th Cir. 1991); *Genty v. Resolution Trust Corporation*, 937 F.2d 899, 910 - 11 (3d. Cir. 1991); *Lathrop v. Juneau and Associates, Inc. P.C.*, 220 F.R.D. 330, 334 (S.D.Ill. 2004).

## III. Plaintiffs Do Not Dispute their Claims Against Mayor Daley, Cline, and Kirby Should be Dismissed.

Suits against city employees and officials in their official capacities are redundant and unnecessary when the municipal entity is also a named defendant, and are properly dismissed. *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099 (1985); *see*, *e.g.*, *Schmidling v. City of Chicago*, 1 F.3d 494, 495 n. 1 (7th Cir. 1993). Plaintiffs neither argue against this well-established law nor oppose the City's motion for dismissal of Defendants Daley, Cline, and Kirby on the basis of this law. Thus, plaintiffs have waived any argument in opposition and all claims against Defendants Daley, Cline, and Kirby should be dismissed from this case.

## CONCLUSION

For the reasons stated above and in Defendants' motion to dismiss, all of plaintiffs' claims against Defendants Daley, Cline, Kirby, and the City of Chicago should be dismissed with prejudice.

Dated: September 5, 2008                                      Respectfully submitted,

                                                              s/Molly E. Thompson
Terrence M. Burns                                             One of the Attorneys for Defendants
Daniel M. Noland                                              Philip Cline, Debra Kirby, Mayor Richard
Molly E. Thompson                                             M. Daley, and the City of Chicago
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois  60606

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2008 I caused the foregoing **Reply in Support of Motion to Dismiss** to be served by CM/ECF Noticing on the parties listed below:

| | |
|---|---|
| Christopher R. Smith<br>James M. Baranyk<br>Law Office of Christopher R. Smith<br>119 North Peoria Street<br>Suite 3A<br>Chicago, Illinois 60607<br>312.432.0400 | Geri Lynn Yanow<br>Jonathan Clark Green<br>Joel G. Sandoval<br>City of Chicago, Department of Law<br>30 North LaSalle Street<br>Suite 1400<br>Chicago, Illinois 60602<br>312.744.9010 |
| Steven Craig Rueckert<br>Law Offices of Steven C. Rueckert<br>53 West Jackson Boulevard<br>Suite 1410<br>Chicago, IL 60604-3703<br>312.427.6464 | John S LaMantia<br>LaMantia Law Associates<br>72 S. LaGrange Road , #9<br>LaGrange, IL 60525-1521<br>708.588.8266 |

s/ Molly E. Thompson (ARDC No. 6293942)
Molly E. Thompson

CHICAGO\2512004.1
ID\METH