IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE REYES et.al, ) | |
| Plaintiff, ) | |
| ) | CASE NO: 07 C 6877 |
| Vs. ) | |
| ) | JUDGE BUCKLO |
| CITY OF CHICAGO, et.al., ) | |
| Defendants. ) | |

## REPLY BRIEF

## IN SUPPORT OF MOTION TO DISMISS

Defendants, Chicago Police Lt. John Blake, and Chicago Police Officers, David Case, Michael Connelly, Brendan Cocoran, James Eldridge, Brian Ferguson, James Foley, Lance Handzel, Michael Harvey, Gregory Insley, Donovan Marckiewicz. Bartosz Maka, John McGovern, Christopher Nelligan, Eric J. Olsen, Bret Rice and Guadalupe Salinas and Cheryl Hurley as administrator of the Estate of JohnHurley (referred to herein as "individual non-indicted Officers") by their attorneys, Geri Lynn Yanow and Tiffany Harris, Assistant Corporation Counsel of the City of Chicago, and pursuant to Federal Rules of Civil Procedure, reply in support of their motion to dismiss. In support of this reply and reply in support of motion to dismiss, the individual non-indicted Officers state as follows:

The bulk of plaintiffs' response to Defendants' motion to dismiss focuses on the actions of the Special Operations Section and Jerome Finnigan. Plaintiffs fail to specify any behavior or acts committed by any of the named non-indicted Officers to justify they a civil RICO claim or explain why plaintiffs failed to file their complaint within the statute of limitations.

Plaintiffs continuously argue that they did not file a lawsuit out of fear of retaliation. Plaintiffs argue that their safety would be compromised. However, again, plaintiffs have not offered one iota or shred of evidence that they ever had reason to fear reprisal by any of the named non-indicted Officers in the case at bar.

## I.     PLAINTIFFS HAVE NOT SUFFICIENTLY PLED A CIVIL RICO CLAIM.

The Supreme Court has clearly held that a plaintiff alleging a civil RICO violation only has standing to recover "to the extent that he has been injured in his business or property by conduct constituting the violation", *Sedima, S.P.R.L v. Imrex Colk,* 473 U.S. 479, 496, 105 S. Ct. 3275, 87 L.Ed.2d 346 (1985) *see also Evans v. City,* 434 F.3d 916, 924-926 (7th Cir. 2006) ("the terms 'business or property' are, of course, words of limitation which preclude recovery for personal injuries and the pecuniary losses incurred therefrom")(citations omitted). *Id.* at 925. The Seventh Circuit has agreed with the Eighth Circuit that "injuries proffered by plaintiffs in order to confer RICO standing must be 'concrete and actual' as opposed to speculative and amorphous," *(See Evans* at 932 (citing *Regions Bank v. J.R. Oil Co., LLC,* 387 F.3d 721, 728 (8th Cir. 2004) and held that a "cause of action does not accrue under RICO until the amount of damages becomes clear and definite". *Id.*

Plaintiffs argues that Chicago Police Officers robbed Jose Reyes of $,1,000.00. However, plaintiffs have still failed to show how this alleged loss proves damages to a "business or property interest" which is required under a Civil RICO claim. In addition, plaintiffs fail to articulate which Officer allegedly robbed Reyes and the circumstances surrounding the robbery. Plaintiffs allege Reyes was kidnaped and jewelry was stolen from him. However, once again, plaintiffs have failed to identify specifically who conducted the kidnaping, when this kidnaping occurred, the

2

circumstances surrounding this kidnaping and the value of the jewelry allegedly stolen. Plaintiffs' allegations are vague and unsupported by any evidence.

Plaintiffs have also failed to produce any evidence that the non-indicted Officers committed any acts which would satisfy the requirements of a RICO claim. In order to prosecute a claim for RICO there must be evidence of a "racketeering enterprise" which include such activities as kidnaping, robbery, obstruction of justice, intimidation of witnesses, retaliation of witnesses, interference with commerce by threats and violence, influencing, delaying, and preventing testimony, hindering/and or preventing the communication of federal offenses to law enforcement agencies and judicial officers". Detailed and specific allegations of such behavior by the non-indicted Officers is wholly absent in Plaintiffs' Complaint and Response.

Furthermore, plaintiffs' allegations and damages here are personal injuries which "do not provide them standing in civil RICO actions..." *Evans,* 434 F.3d at 926. Essentially, plaintiffs claim that they "were injured in their business and property, including but not limited to lost income in the past, present, and future damage to their business' reputation, "financial loss"; " exposure to public scandal"; "damage to their reputation and occupation"; severe, permanent, and life-threatening physical injuries, pain, mental suffering, anguish and humiliation"; "lost liberty, attorney's fees, lost work"; severe emotional distress"; severe depression, nightmares, anxiety attacks, stress disorders, phobias and flashbacks" *See* pltfs's cmplt, count 1 §53, count II §52, count VIII §55, count IX §53, count XII, §53, count XIII§53, count XIV, §55 and count XV§53.  The Seventh Circuit has found that these losses are not sufficient to state a claim under civil RICO. *See Evans,* 434 F.3d at 927 (pecuniary losses flowing from personal injuries, emotional distress, harassment and intimidation and inability to pursue or obtain employment do not satisfy the requirements for standing necessary

3

to sustain a RICO claim). Therefore, since plaintiffs do not have standing and fail to establish elements necessary to assert a civil RICO claim, Count I, against the individual non-indicted Officers, must be dismissed for failure to state a claim.

In addition, plaintiffs continuously references a videotape of Police Officers in Caballos Bar on the night in question. However, the videotape does not reveal any actions which would constitute "racketeering" within the meaning of the RICO Statute. The videotape merely shows Police Officers making a routine inspection of the bar which is within the power of the Chicago Police Department pursuant to the Illinois Liquor Control Act (235ILCS5/4-4) and the Chicago Municipal Code (§4-4-290 M.C.C. which grants the Chicago Police Department the authority to conduct liquor license premises investigations. No warrants are necessary for the inspection and search of any licensed premises (235 ILCS 5/10-8). *See* pltfs complt. §12. In Illinois, the law recognizes that a liquor license is a privilege and not a right and therefore, a liquor licensee, "assents to the reasonable and lawful conditions imposed by the statute", which includes consent to conduct searches. *See* 235 ILCS 5/6-1. Furthermore, the Chicago Municipal Code provides that those investigating licensed premises "shall have the right to arrest or cause to be arrested any person who violates any of the provisions of this Code, for the purpose of ascertaining whether or not the said provisions have been complied with." *See* M.C.C. §4-4-290. Plaintiffs are unable to prove allegations of "racketeering" and accordingly, the RICO count should be dismissed.

Lastly, plaintiffs argue that enterprise liability applies to the defendant City because RICO is to be read broadly. However, plaintiffs have failed to articulate how enterprise liability applies to the defendants. Again, plaintiffs have not pointed to any specific acts committed by defendants which would constitute racketeering which would give rise to liability. Plaintiffs are unable to

establish the necessary elements of "enterprise liability" and again plaintiffs' RICO count should be dismissed.

## II.  PLAINTIFFS' CASE SHOULD BE DISMISSED PURSUANT TO THE STATUTE OF LIMITATIONS AS TIME BARRED.

Plaintiffs would like to avail themselves of the doctrine of equitable estoppel. Equitable estoppel "comes into play if the defendant takes active steps to prevent the plaintiffs from suing in time, as by promising not to plead the statute of limitations, *U.S. v. Blaney,* 34 F.3d 509, 513 citing *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 451. However, as previously stated, while the plaintiffs have argued extensively regarding the conduct of Jerome Finnigan and the Special Operations Section as a whole, they have not pointed to any acts whatsoever by the non-indicted Officers that would have prevented them from filing against these particular defendants. These defendants have not been indicted and have not committed any crimes whatsoever. There is no evidence the plaintiffs had any reason to fear any retaliation from the non-indicted Officers. There is no evidence that any of these named defendants in any way tried to prevent the plaintiffs from filing a lawsuit. Accordingly plaintiffs should not be allowed to rely on the doctrine equitable estoppel. In fact, the issue of equitable estoppel was recently raised in a recent Supreme Court decision and the Court opined that "equitable tolling is a rare remedy to be applied in unusual circumstances". *See Wallace v. Kato,* 127 S. Ct. 1091, 1100 (2007). Accordingly, plaintiffs should not be allowed to rely on the doctrine of equitable estoppel to avoid a statute of limitations defense.

Plaintiffs repeatedly assert the theory that somehow the statute of limitations should not apply in the case at bar because the last alleged final deprivation of their rights occurred in December of 2006. However, the act for which the plaintiffs are suing occurred the night of March 27, 2004

and is the basis of plaintiffs' alleged request for damages. The plaintiffs's alleges a date of March 27, 2004 in the complaint and plaintiffs should have filed suit by March 27, 2005.

### III.　PLAINTIFFS FAIL TO ADEQUATELY RESPOND TO DEFENDANTS' ALTERNATIVE GROUNDS FOR DISMISSAL.

#### A.　Due Process.

Plaintiffs fails to respond to any of the Defendants' arguments with respect to due process and instead asserts the premise that plaintiffs are allowed to plead conclusions in their complaints. However, plaintiffs did not address the following:

1. Plaintiffs fails to allege, in more than a conclusory fashion a deprivation of life, liberty, or property without due process of law. *See Parratt v Taylor,* 451 U.S. 527-538 (1981), *Daniels v. Williams,* 474 U.S. 327, 331-332 (1986).

2. The availability of adequate state tort remedies to redress alleged violations or procedural due process fulfills the requirements of due process, *See Parratt ,* 451 U.S. at 543-544; *Guenther v. Holmgreen,* 738 F.2d 879, 882 (7th Cir. 1984); *Baltz v. Shelley,* 661 F. Supp. 169, 181 (N.D. Ill. 1987).

3, The Supreme Court has made it clear that claims of unlawful seizure should be asserted under the fourth, not the fourteenth amendment. *Graham v. Conner,* 409 U.S. 386, (1989); *Lester v. City of Chicago,* 830 F.2d 706,710 (7th Cir. 1987); *Moy v. City of Chicago,* 735 F.Supp. 279 (N.D. Ill. 1990); and

    4.    Plaintiffs' allegations do not violate the 14th amendment rights of access to the courts, *Gibson v. City,* 910 F.2d 1510 (7th Cir. 1990); as plaintiffs have not alleged either that they had no access to the state court or to this court.

Plaintiffs must establish a "cognizable property interest" as a "threshold prerequisite" to a due process claim. *See General Auto Service Station v. City of Chicago,* 526 F.3d 991, 1002 (7th Cir. 2008)("For purposes of a due process claim, property interest are created and defined by an independent source, such as a contract or state law") *Id.* at 1000. Plaintiffs have failed to articulate any "cognizable property interest" therefore; count II, on its merits, must be dismissed for failure to state a claim, and, as an alternative grounds for dismissal, the claims asserted in count II against the individual non indicted Officers must be dismissed.

    **B.**    **Failure to Intervene.**

Plaintiffs fail to provide a specific individual Officer who had knowledge that an excessive force or false arrest, or "that any constitutional violation has been committed by a law enforcement official; and that the Officer had a realistic opportunity to intervene to prevent the harm from occurring". *See Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir. 1994). Plaintiffs claim that all of the Officers committed the acts complained of and failed to intervene. However, plaintiffs cannot circumvent the requirements of a claim for failure to intervene by making such general accusations. Therefore, count IV, on its merits, must be dismissed for failure to state a claim and as an alternative ground for dismissal, the claims asserted in count IV against the individual non indicted Officers must be dismissed.

### C.  Counts VII (§ 1985 - Conspiracy to Deny Equal Protection)

Plaintiffs's claims that defendants "conspired and agreed among themselves to deprive" plaintiffs of their equal protection rights, fails because the individual non-indicted Officers, are entitled to rely on the "intra-corporate conspiracy doctrine" which indicates that plaintiffs will be unable to establish that any defendant "conspired with others to deprive them of equal protection of the law" *See Keri v. Board of Trustees of Purdue University,* 458 F.3d 620, 641-641 (7th Cir., 2006). Plaintiffs in response makes the baseless assertion that the intra-corporate conspiracy does not apply, as the police officers have been sued both in their official and individual capacities.  Plaintiffs does not cite to any caselaw to support this premise then goes on to make insinuations that somehow the Officers were involved with a conspiracy with the States' Attorneys' Office.  Plaintiffs's theories are not supported by any caselaw, not supported by the evidence and should be wholly disregarded. Therefore, count VIII, on its merits, must be dismissed for failure to state a claim, and, as an alternative ground for dismissal, the claims asserted in Count VIII against the individual non indicted Officers must be dismissed.

### D.  Count XII (Malicious Prosecution)

Plaintiffs alleges that notice pleading is liberal and only requires them to place the defendants on notice of the allegations against them.  However, plaintiffs still need to establish that the criminal case was dismissed "for reasons indicative of plaintiffs's innocence" and that plaintiffs filed the case within one year of the date of such finding in favor of the plaintiffs.  In the case at bar, the plaintiffs have failed to demonstrate that the "nolle prosequi" which was entered on April 20, 2004 was indicative of  innocence and even more importantly, even if the "nolle prosequi" was indicative of plaintiffs' innocence, the plaintiffs should have filed his case by April 20, 2005, before the one year

8

state statute of limitations for malicious prosecution expired. Plaintiffs failed to do so and his claim for malicious prosecution is time-barred.

### E. Eighth Amendment.

Plaintiffs did not respond to the defendants eighth amendment argument; therefore the plaintiffs have conceded the claims they brought pursuant to the eighth amendment in their complaint under § 2..

WHEREFORE, defendants , Chicago Police Lt. John Blake, and Chicago Police Officers, David Case, Michael Connelly, Brendan Cocoran, James Eldridge, Brian Ferguson, James Foley, Lance Handzel, Michael Harvey, Gregory Insley, Donovan Marckiewicz. Bartosz Maka, John McGovern, Christopher Nelligan, Eric J. Olsen, Bret Rice and Guadalupe Salinas and Cheryl Hurley as administrator of the Estate of JohnHurley, respectfully request that this Honorable Court dismiss the plaintiffs' complaint against the non-indicted Officers with prejudice and any other relief this Court deems appropriate.

Respectfully submitted,

　　/s/ *Tiffany Y. Harris*　　　
Tiffany Y. Harris
Assistant Corporation Counsel
30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-0226
Atty. No. 6238533