**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSE REYES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 07 C 6877 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Judge Elaine E. Bucklo |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' AMENDED REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants, City of Chicago, Mayor Richard M. Daley, Philip Cline, and Debra Kirby, by their attorney, Terrence M. Burns of Dykema Gossett PLLC, in reply to plaintiffs' response and in support of their motion to dismiss, state:

**INTRODUCTION**

As a threshold matter, plaintiffs' claims against the City must fail for the same reasons the underlying claims against the individual officers must fail. Accordingly, the City adopts the individual officers' reply in support of their motion to dismiss. In addition, plaintiffs fail to demonstrate how their *Monell* claim could survive despite dismissal of the time-barred underlying substantive claims against the individual officers. Plaintiffs' have no support for their defense of equitable estoppel, particularly because estoppel defense is disfavored when asserted against a municipality. As to plaintiffs' Racketeer Influenced and Corrupt Organizations Act ("RICO") claim, even putting aside the individual defendant officers' arguments supporting dismissal of that claim, as against the City, it fails from the outset. A municipal corporation cannot be liable under RICO. Finally, plaintiffs do not oppose the City's motion for dismissal of Defendants Daley, Cline, and Kirby from this case. Thus, all claims against those defendants must be dismissed.

## ARGUMENT

I.     **Plaintiffs' *Monell* Claim is Untimely Just as Plaintiffs' Section 1983 Claims Against the Individual Defendant Officers are Untimely.**

A.     **Plaintiffs' *Monell* Claim Accrued at the Time They Discovered Their Injury.**

Plaintiffs' *Monell* claim is based upon underlying claims of alleged constitutional injuries that occurred three and a half years before plaintiffs filed their complaint. Yet, plaintiffs argue that their *Monell* claim "could not have accrued until the Special Operations Section ("SOS") scandal became front page news," summer of 2006 at the earliest. (Pltfs.' Resp. 11.) Plaintiffs argue they had "no good faith basis" to bring their *Monell* claim until the SOS indictments were issued, but fail to explain how the indictments of six SOS officers, only one of which is a defendant in this case, relate to the factual allegations that form the basis of their *Monell* claim. (*See* Pltfs.' Resp. 11.) For example, plaintiffs' allegations include an express practice of the City to "refuse[] to consider patterns of misconduct allegations, when evaluating merits of particular civilian complaints," (Compl. ¶ 65), and the City's alleged failure to investigate and discipline instances of misconduct, (Compl. ¶ 62 (g) – (j)). Plaintiffs' broad and multifarious policy and practice allegations about the entire Chicago Police Department must have a factual basis that predates and extends beyond the scope of the indictments of six SOS officers, which occurred over two and a half years after plaintiffs' alleged injuries in this case. (*See* Compl. at count v.) Plaintiffs cannot rely upon a supposed revelation they had in summer 2006 in order to bring a time-barred *Monell* claim that sweeps much wider than the alleged facts published in newspapers and publicly released at the time of the SOS indictments.

Moreover, the *Monell* "discovery rule" contrived by plaintiffs has no support in law. In fact, it has been explicitly rejected in this jurisdiction. *See Evans v. City of Chicago*, 2007 WL 4219415 (ND Ill. 2007). As the court found in *Evans*, "accrual looks at discovery of the injury

not the cause of it." *Id.* at *3. The *Evans* court noted that "nothing in Seventh Circuit case law" supports viewing a *Monell* claim differently from any other civil rights claims, which accrues upon discovery of the injury. *Id.* Plaintiffs attempt to support their version of the discovery rule by citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990), and *Johnson v. Garza*, 2008 WL 2700296 (N.D. Ill. July 11, 2008), cases which in fact contradict plaintiffs' version of the discovery rule. These cases, consistent with *Evans*, find that accrual occurs on the date plaintiff discovers he was injured. *Cada*, 920 F.3d at 450; *Johnson*, 2008 WL 2700296, *3.

The other case cited by plaintiff, *Blackman v. City of Kokomo*, if considered beyond an isolated quote, actually supports dismissal of the *Monell* claim here, based on the untimeliness of plaintiffs' underlying claims against the individual defendant officers.[1] *See Blackman*, 2006 WL 694367, *10 ("a municipality's liability for a constitutional injury requires a finding that the officer[] [is] liable on the underlying substantive claim." (*quoting Treece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir.)).) Time-barred constitutional claims against the individual defendant officers are at the root of plaintiffs' *Monell* claim. Absent individual officer liability for those underlying constitutional claims, plaintiffs' *Monell* claim against the City must fail.

### B.    Plaintiffs' Defense of Equitable Estoppel is Unsupported and Cannot Stand Against the City.

The Seventh Circuit has made clear, "if the allegations of the complaint 'show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure

---

[1]   In the quote cited by plaintiff (Pltf.'s Resp 11), the court in *Blackman v. City of Kokomo* misconstrues *Wallace v. City of Chicago*, 2006 WL 549008 (7th Cir. Mar. 8, 2006). The *Blackman* court cites *Wallace* for its purported holding that Section 1983 claims accrue when "the plaintiff knows both the existence and the cause of his injury." *Blackman*, 2006 WL 694367, *3 (S.D. Ind. March 16, 2006). That holding goes further than the *Wallace* opinion. *See, e.g., Holland v. City of Chicago*, 2007 WL 114293 (N.D.Ill. Jan 8, 2007) ("the *Wallace* Court explicitly limited its analysis to Fourth Amendment claims, holding that '[w]hen a person's Fourth Amendment rights have violated by a false arrest, the injury occurs at the time of the arrest.'" (*quoting Wallace*, 440 F.3d 421, 425 (7th Cir. 2006)); *Ollins v. O'Brien*, 2006 WL 1519286 (N.D.Ill. May 26, 2006) (recognizing the "clear accrual rule" of *Wallace*, which holds that false arrest claims accrue on the day of arrest).

to state a claim.'" *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797 (7th Cir.

2008) (dismissing claim under Rule 12(b)(6) on the basis of statute of limitations because the

facts did not support plaintiff's assertion of equitable tolling) (*quoting Jones v. Bock*, 549 U.S.

199, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007)). Plaintiffs ask this Court to apply equitable

estoppel because Jose Reyes "could not step forward until the scandal surrounding the Special

Operations Section was front page news," (Pltfs.' Resp. 8) approximately three and a half years

after the date his alleged injury. The allegations in plaintiffs' complaint do not support plaintiffs'

hollow defense of estoppel and, moreover, plaintiffs fail to establish the requisite elements of

equitable estoppel in their response to defendants' motions to dismiss. Particularly as asserted

against the City, plaintiffs have no justification for not bringing their claims within the statute of

limitations.

To establish equitable estoppel, the party claiming estoppel must show: (1) a

misrepresentation by the opposing party; (2) reasonable reliance on that misrepresentation; and

(3) detriment. *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002). To assert estoppel against

the government, the plaintiff must also prove that the government's action amounted to

affirmative misconduct.[2] *Id.*; *Edgewater Hosp., Inc. v. Bowen*, 857 F.2d 1123, 1137 (7th Cir.

1988). Estoppel against the government therefore requires an element that is not required to

---

[2] The Seventh Circuit has held that in cases in which federal courts borrow state statutes of limitations, federal, rather than state, estoppel law applies. *Smith v. City of Chicago Heights*, 951 F.2d 834, 841 (7th Cir. 1992). The Seventh Circuit has also found, though not clearly established, that state case law applies to issues of equitable tolling. *Shropshear v. Corporation Counsel of the City of Chicago, et. al*, 275 F.3d 593, 596 - 97 (7th Cir. 2001); *Ashafa v. City of Chicago*, 146 F.3d 459, 463 (7th Cir. 1998) ("In § 1983 actions, federal courts must apply state equitable tolling provisions."); *But cf. Short v. Belleville Shoe Mfg. Co.*, 908 F.2d 1385, 1389 (7th Cir. 1990) ("difficult questions concerning whose tolling and estoppel doctrines apply."). To the extent it is unclear whether state or federal law would apply to an assertion of estoppel here, the cases cited in Part II.B. of this Reply demonstrate that state and federal law regarding estoppel against the government is consistent and thus reliance on both is appropriate. *See Ashafa*, 146 F.3d at 463 (Court did not need to determine whether federal or state estoppel law governed because the applicable estoppel law was the same under both federal and Illinois case law.)

estop private persons. *LaBonte v. U.S.*, 233 F.3d 1049, 1053 (7th Cir. 2000); *Gibson*, 201 F.3d at 994. Equitable estoppel against public agencies is "disfavored," "rarely successful," *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000), and will lie "only in extraordinary situations." *Atwell v. Lisle Park Dist.*, 286 F.3d 987, 992 (7th Cir. 2002). *See, e.g.*, *In re Joseph B*, 630 N.E.2d 1180, 1196 (Ill. App. Ct. 1994) (refusing to apply estoppel against Department of Children and Family Services' assertion of defense of statute of limitations in light of policy against estopping a public body); *Feiler v. Covenant Medical Center*, 598 N.E.2d 376, 379 (Ill. App. Ct. 1992) (holding that municipality should not be precluded by the doctrine of equitable estoppel from asserting statute of limitations). A showing of affirmative misconduct on the part of the government requires an affirmative act to misrepresent or mislead; the government's failure to discharge an affirmative obligation is not sufficient to establish affirmative misconduct. *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002).

Plaintiffs do not allege any affirmative act on the part of the City to meet this additional element required to assert estoppel against the government. Indeed, plaintiffs do not even allege an affirmative act on the part of the individual defendants (indicted or unindicted). Plaintiffs ask this Court to follow Judge Gettleman's reasoning in *Cook v. City of Chicago*, No. 06 C 5930, but the facts in that case demonstrate that its holding is not applicable here. In Cook's complaint, he alleged that two of the individual defendant officers threatened his life and job if plaintiff reported the officers' alleged misconduct. Second Amended Complaint, *Cook v. City of Chicago*, No. 06 C 5930 (Dkt. 45). That conduct was the basis for Judge Gettleman's application of equitable estoppel. Here, plaintiffs only offer vague assertions of a fear for his family's safety (Pltfs.' Resp. 8), without specifying what conduct allegedly caused such a fear. Also, plaintiffs' assertion that the "City's initial inaction led [Jose Reyes] to believe that he would not be taken

seriously" does not explain why they could not have filed their civil complaint within the two years after their alleged injury. The City's alleged inaction has no bearing on whether or not they could seek redress for their alleged injuries in this Court. Plaintiffs, as the parties asserting the applicability of equitable estoppel, have the burden of establishing its requisite elements by "clear, precise and unequivocal" evidence. *Essex Ins. Co. v. Stage 2, Inc.*, 14 F.3d 1178, 1181 (7th Cir. 1994) ("under Illinois law, a party asserting waiver or equitable estoppel must prove these affirmative defenses by clear, precise and unequivocal evidence."). Plaintiffs must allege a blameworthy action that *caused* them to miss the statutory deadline. *Shropshear v. Corp. Counsel of the City of Chicago*, 275 F.3d 593, 597 (7th Cir. 2001). Plaintiffs appear to be using the blameworthy alleged action that serves as the basis for their claims also as the basis for their three and a half years delay in bringing them. Plaintiffs offer no explanation of what conduct in particular caused their alleged fear and caused them to miss their statutory deadline. (Pltfs.' Resp. 8.) Moreover, their alleged perception that their words would not be believed is not a sufficient basis for seeking equitable estoppel. Indeed, there is no evidence to support plaintiffs' equitable defense, let alone evidence that is "clear, precise, and unequivocal."

In addition, even if an individual defendant were to have taken an affirmative action, which plaintiffs do not allege, which caused plaintiffs to delay bringing their claim, the City would not have authorized such action and thus the City would not be estopped by the officers' actions. *Lehman v. City of Louisville*, 967 F.2d 1474 (10th Cir. 1992) ("A party cannot state a claim for relief under a theory of estoppel against a state or local government entity on the basis of an unauthorized action."); *Tim Thompson, Inc. v. Village of Hinsdale*, 247 Ill. App. 3d 863, 617 N.E.2d 1227, 1238 (2d Dist. 1993) (The affirmative acts that induce reliance "must be the acts of the municipality, such as legislation, and not merely unauthorized acts of a ministerial

officer."); *Du Page v. K-Five Construction Corporation*, 267 Ill. App.3d 266, 642 N.E.2d 164, 169 (2d Dist. 1994) (municipality cannot be estopped by an act of its agent made in derogation of a statutory provision or beyond the authority expressly conferred upon that official). Plaintiffs never claim the City authorized any action that caused them to delay bringing their suit until the scandal "was front page news." (See Pltfs.' Resp. 8.) And not only would any threatening action, had it occurred, not have been authorized, it also would have been in utter derogation of statutory authority and police rules and regulations. Plaintiffs' complaint contains no facts to support their defense of equitable estoppel and their response to defendants' motions to dismiss likewise offers no facts to support their conclusory assertion of this equitable defense. Thus, equitable estoppel should not stand. Neither the City nor the individual defendants should have to defend and proceed with discovery on untimely claims.

## II.    As a Municipality, the City Cannot Be Liable Under RICO.

Plaintiffs' only argument relating to governmental entities and RICO misses the mark. The City never denied that a municipality could constitute an "enterprise" under RICO. Plaintiff offers no law, however, to support a finding that the City could be *liable* under RICO. Indeed, there is no such law. A municipal corporation could not be liable under RICO, even if that municipal corporation qualified as an "enterprise" through which racketeering is conducted. *Pelfresne v. Village of Rosemont*, 22 F.Supp.2d 756, 761 (N.D.Ill. 1998) (finding that the Village could be named as an enterprise, but could not be liable under RICO because it is a municipal corporation). *See also Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996); *Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 404-05 (9th Cir. 1991); *Genty v. Resolution Trust Corporation*, 937 F.2d 899, 910 - 11 (3d. Cir. 1991); *Lathrop v. Juneau and Associates, Inc. P.C.*, 220 F.R.D. 330, 334 (S.D.Ill. 2004).

### III.    Plaintiffs Do Not Dispute their Claims Against Mayor Daley, Cline, and Kirby Should be Dismissed.

Suits against city employees and officials in their official capacities are redundant and unnecessary when the municipal entity is also a named defendant, and are properly dismissed. *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099 (1985); *see*, *e.g.*, *Schmidling v. City of Chicago*, 1 F.3d 494, 495 n. 1 (7th Cir. 1993). Plaintiffs neither argue against this well-established law nor oppose the City's motion for dismissal of Defendants Daley, Cline, and Kirby on the basis of this law. Thus, plaintiffs have waived any argument in opposition and all claims against Defendants Daley, Cline, and Kirby should be dismissed from this case.

### CONCLUSION

For the reasons stated above and in Defendants' motion to dismiss, all of plaintiffs' claims against Defendants Daley, Cline, Kirby, and the City of Chicago should be dismissed with prejudice.

Dated: September 12, 2008                Respectfully submitted,


                                          s/Molly E. Thompson
                                          One of the Attorneys for Defendants
Terrence M. Burns                         Philip Cline, Debra Kirby, Mayor Richard
Daniel M. Noland                          M. Daley, and the City of Chicago
Molly E. Thompson
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois  60606

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 12, 2008 I caused the foregoing **Amended Reply in**

**Support of Motion to Dismiss** to be served by CM/ECF Noticing on the parties listed below:

Christopher R. Smith
James M. Baranyk
Law Office of Christopher R. Smith
119 North Peoria Street
Suite 3A
Chicago, Illinois  60607
312.432.0400

Geri Lynn Yanow
Jonathan Clark Green
Joel G. Sandoval
City of Chicago, Department of Law
30 North LaSalle Street
Suite 1400
Chicago, Illinois  60602
312.744.9010

Steven Craig Rueckert
Law Offices of Steven C. Rueckert
53 West Jackson Boulevard
Suite 1410
Chicago, IL 60604-3703
312.427.6464

John S LaMantia
LaMantia Law Associates
72 S. LaGrange Road , #9
LaGrange, IL 60525-1521
708.588.8266

s/ Molly E. Thompson (ARDC No. 6293942)
Molly E. Thompson

CHICAGO\2517199.1
ID\METH