JOSE REYES and SONIA OLAZABA, on )
behalf of themselves individually )
and as the parents and guardians of )
DENISE FERNANDEZ and KIMBERLY )
FERNANDEZ, minors, )
)
       Plaintiffs, )
)
    v. )  No. 07 C 6877
)
CITY OF CHICAGO, CHICAGO POLICE )
OFFICERS JEROME FINNEGAN, Star )
#5167, CARL SUCHOCKI, Star #18391, )
JAMES ELDERIDGE, Star #2081, JOHN )
BLAKE, Star #454, ERIC OLSEN, Star )
#19456, GREGORY INSLEY, Star #14260, )
FRANK VILLAREAL, Star #10438, B. )
CORCORAN, Star #17069, J. HURLEY, )
Star #17516, B. MAKA, Star #12206, )
G. SALINAS, Star #10293, B. RICE, )
Star #16059, OFFICER HANDZEL, Star )
#8116, OFFICER MARKIEWICZ, Star )
#17092, OFFICER FERGUSON, Star )
#14213, OFFICER NELLIGAN, Star )
#8953, OFFICER HARVEY, Star #9165, )
OFFICER MCGOVERN, Star #18856, )
OFFICER CASE, Star #1753, OFFICER )
CONNELLY, Star #16869, OFFICER )
FOLEY, Star #10613, SUPERINTENDANT )
PHILIP CLINE, DEBRA KIRBY, MAYOR )
RICHARD DALEY, and UNKNOWN CHICAGO )
POLICE OFFICERS, )
)
       Defendants. )

## MEMORANDUM OPINION AND ORDER

      Plaintiffs Jose Reyes and Sonia Olazaba filed a complaint on

behalf of themselves individually and as the parents and guardians

of Denise and Kimberly Fernandez (minors), against defendants the

City of Chicago (the "City"), Mayor Daley, Philip Cline, Debra Kirby ("City Officials"), Chicago police officers John Blake, David Case, Michael Connelly, Brendan Cocoran, James Eldridge, Brian Ferguson, James Foley, Lance Handzel, Michael Harvey, Gregory Insley, Bartosz Maka, Donovan Markiewicz, John McGovern, Christopher Nelligan, Eric Olsen, Bret Rice, Guadalupe Salinas, and Cheryl Hurley as administrator of the estate of John Hurley, (the "unindicted officers"), Jerome Finnegan, Carl Suchocki, Frank Villareal[1], and other unknown Chicago police officers (collectively, "defendant police officers"). Plaintiffs assert violations of 18 U.S.C. § 1961, *et. seq.,* the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Count I); 42 U.S.C. § 1983 for illegal search and seizure (Count II), due process (Count III), failure to intervene (Count IV), *Monell*[2] (Count V - only against the City), equal protection (Counts VI-VII), and excessive force (Count IX); and 42 U.S.C. § 1985 for conspiracy to deny equal protection (Count VIII); and state law claims for violation of 745 ILCS 10/9-102 (Count X - only against the City), trespass (Count XI), malicious prosecution (Count XII - only with respect to

---

[1]     Defendant police officers Villareal and Suchocki filed motions to join co-defendants' motions to dismiss on July 29, 2008 and July 25, 2008, respectively.  Those motions were granted on August 1, 2008.

[2]     *Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), established that local governments may be held liable under § 1983 for constitutional violations arising from policy, custom, or practice.

2

Plaintiff Reyes), intentional infliction of emotional distress
(Count XIII), assault (Count XIV) and battery (XV).

The unindicted officers filed a motion to dismiss the
complaint, alleging that the claims against them are time-barred
and insufficiently pled. The City and City Officials filed a
separate motion to dismiss, incorporating the unindicted officers'
motion, including additional arguments. For the following reasons,
defendants' motions are granted in part and denied in part.

I.

Plaintiffs allege that on March 27, 2004, the defendant police
officers, members of the Special Operations Section ("SOS") of the
Chicago Police Department, entered a bar and committed various
offensive and criminal acts upon the patrons, one of whom was
plaintiff Reyes. Defendant police officers then took plaintiff
Reyes home (where plaintiff Olazaba and plaintiff minor Fernandez
children were present), unlawfully entered the premises, threatened
plaintiffs, displayed weapons, and stole or destroyed plaintiffs'
property, all in violation of plaintiffs' rights. Plaintiffs also
contend that defendants committed additional acts in furtherance of
a criminal conspiracy, including perjury and obstruction by police
officers and officials, and a failure by prosecutors, the police
department and the City to properly investigate and prosecute the
described criminal acts, among other things. Plaintiffs contend
that the alleged criminal conspiracy started in 2002 and continues

to date, and that they did not feel safe coming forward with their claims until the "facade surrounding the SOS section began to crumble." Their complaint was filed on December 6, 2007.

## II.

In assessing defendants' motions to dismiss under Fed. R. Civ. P. 12(b)(6), I must accept all well-pleaded facts in the complaint as true and view all allegations in the light most favorable to plaintiff. *McMillan v. Collection Prof'ls*, 455 F.3d 754, 758 (7th Cir. 2006). Under Rule 12(b)(6), "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* ---- U.S. ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

## III.

A. All Counts Against Defendant City Officials

Defendant City Officials argue that suits against city employees and officials, when sued in their official capacities, are redundant and unnecessary where the municipal entity itself is also a named defendant. *Schmidling v. City of Chicago*, 1 F.3d 494, 495 n. 1 (7th Cir. 1993); *McCullough v. City of Chicago*, 971 F.Supp. 1247, 1249 n. 1 (N.D.Ill. 1997). Plaintiffs do not address this issue and do not oppose dismissal of the City Officials from the suit. Because the City Officials are only sued in their official capacities and the City is a named defendant in this case, defendants Daley, Cline, and Kirby are dismissed from this action.

B.  Count I (RICO) Against the City and the Unindicted
    Officers.

The unindicted police officers and the City move to dismiss plaintiffs' RICO count arguing that (1) the City cannot be liable under RICO because it is a municipality, (2) plaintiffs will not be able to establish the elements of RICO and have not alleged evidence to support a RICO claim, and (3) plaintiffs have no standing to bring a RICO claim because they cannot show injury to "business or property." *Cannon v. Burge*, No. 05 C 2192, 2007 WL 2278265 at *2 (N.D. Ill. Aug. 8, 2007). Defendants are correct in that municipalities are not liable for civil RICO claims. *Genty v. Resolution Trust Corp.,* 937 F.2d 899, 914 (3rd Cir. 1991)(noting "Congress, in keeping with the common law, did not intend to subject municipal corporations to RICO liability"); *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.,* 940 F.2d 397, 404 (9th Cir.1991)(citing *Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 261, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981))(stating "RICO claims against [government entities] fail because [they] are incapable of forming a malicious intent"); *Pelfresne v. Village of Rosemont*, 22 F.Supp.2d 756, 761 (N.D.Ill. 1998) (village not liable, but action allowed against other defendants in their individual capacities). Therefore, the motion to dismiss plaintiffs' RICO claim against the City is granted.

The other arguments made by defendants are not persuasive. Contending that plaintiffs have not properly pled evidence to

support or "establish" a RICO claim, defendants rely on *Evans v. City of Chicago*, 434 F.3d 916, 924-26 (7th Cir. 2006). However, the *Evans* court was considering a motion for summary judgment, so it properly considered evidence in that light. Here, contrary to defendants' arguments, plaintiffs need not plead evidence to survive a motion to dismiss.

The complaint alleges that all defendant police officers and various entities participated in a pattern of misconduct, involving a number of victims with distinct injuries, including, robbery, kidnaping, criminal conspiracy, intimidation, retaliation, damage to property, among other things. (*See* Compl. ¶¶ 23-50.) Specific to plaintiffs, the following allegations are made: Reyes was illegally searched, beaten, and kidnaped, money was stolen from him, he witnessed another "raid" where similarly offensive acts were committed, plaintiffs' home was illegally entered, and plaintiffs' property was stolen and damaged. (Compl. ¶¶9-22.) Defendants do not explain why these allegations, including those of damage to plaintiffs' home and property contained within the home, are insufficient RICO allegations for pleading purposes. Accordingly, the motion to dismiss count I with respect to the unindicted officers is denied.

C.   Statute of Limitations With Respect to Counts II-XV against the City and the unindicted officers.

The unindicted police officers and the City move to dismiss the remaining counts against them on the ground that they are time-

barred under Illinois law. When the plaintiff effectively pleads himself out of court by alleging facts sufficient to establish a statute of limitations defense, dismissal is appropriate. *Zitzka v. Village of Westmont,* No. 07 C 0949, 2007 WL 3334336, at *2 (N.D.Ill. Nov.6, 2007) (citing *Hollander v. Brown,* 457 F.3d 688, 691 n. 1 (7th Cir.2006)). Plaintiffs concede that these counts, with the exception of the *Monell* claim, were not filed within the applicable limitations periods. However, they contend that the doctrine of equitable estoppel operates to preclude the limitations bar in this case.

Equitable estoppel operates to suspend the running of the statute of limitations where the defendant has actively mislead the plaintiff or somehow prevents the plaintiff from suing within the limitations period. *Hollander*, 457 F.3d at 694. Here, the complaint includes allegations concerning City practices and policies that date back to 2004, for example: (1) Cook County prosecutors were given a video surveillance tape of the incident plaintiff Reyes complains of in 2004; (2) a police officer testifying about the incident perjured himself in 2004 at that hearing; (3) Cook County prosecutors continued to rely on that perjured testimony of Chicago police officers; (4) Cook County prosecutors provided the surveillance tapes to the Internal Affairs Division ("IAD") of the Chicago Police Department in 2004; (5) the IAD never investigated the surveillance tapes or recommended filing

criminal charges based on the substance of those tapes. (*See, e.g.,* Compl. ¶¶. 23-50.) Plaintiffs use these allegations as the basis for their argument that equitable estoppel applies to bar application of the statute of limitations. In support of this argument, plaintiffs rely on *Cook v. City of Chicago*, No. 06 C 5930, 2008 WL 1883437 (N.D.Ill. April 25, 2008).

In *Cook*, the plaintiff sued individual Chicago police officers and the City for violations of state and federal law relating to an incident, similar to this one, where defendant officers allegedly illegally entered the plaintiff's home, and threatened and beat him in front of his girlfriend and children. *Id.* at *1. The complaint in *Cook* included allegations that (1) plaintiff reported the incident to the police department the next day, and (2) the investigator who came to interview plaintiff regarding the incident accused him of dealing drugs and said "just forget about this; otherwise kiss your job goodbye, and you're fucked." *Id.*

The *Cook* court found the threats by the investigator, in addition to threats by the accused police officers during the initial incident at the plaintiff's house, to be part of a custom and practice of allowing and covering up police misconduct. *Id.* In ruling that equitable estoppel applied to the plaintiff's claims against the City, the court also noted generally its earlier finding that the same allegations supported application of

equitable estoppel with respect to claims against the accused officers individually. *Id.*

While the base incident alleged in *Cook* is factually similar to the case at hand, the facts supporting the court's decision on equitable estoppel are distinguishable. Unlike in *Cook*, here there are no allegations describing any steps taken by defendants after the initial incident that prevented plaintiffs from filing a lawsuit. Rather, plaintiffs in this case rely solely on what defendants allegedly did (or did not do) to third parties and claim that defendants' actions (or inaction) towards third parties caused them to be afraid. This connection is too tenuous to support application of equitable estoppel to claims against either the unindicted police officers or the City.

Even if plaintiffs' allegations included a direct threat, it would likely not be enough to support application of equitable estoppel without some allegation of misrepresentation or concealment of material fact. *See Hollander*, 457 F.3d at 694. The Seventh Circuit has recently noted that under Illinois law, equitable estoppel is only available when the defendant "has used misrepresentations or concealment - rather than threats of reprisal - to prevent the plaintiff from suing." *Id.* (citing *Parks v. Kownacki*, 193 Ill.2d 164, 737 N.E.2d 287 (2000)).

With respect to the *Monell* claim, plaintiffs contend that although the underlying injuries occurred in March 2004, they did

not have a complete claim against the City until they knew that the cause of their injuries was the City's practices and policies. (Pls.' Resp. Br. pp. 9-10.) They suggest this "discovery" did not occur until mid-2006 when some of the SOS officers were indicted and the SOS scandal hit the papers. *Id.*; *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th 1990) ("discovery rule" postpones the beginning of the limitations period from the date of injury until the date plaintiff discovers he has been injured.) This position is contrary to the express allegations of the complaint, which are cited as support for plaintiffs' equitable estoppel theory discussed above. (*See* Compl. ¶¶29-30, 50; Pls.' Resp. Br. pp. 8-9.) (alleging that plaintiffs knew about and were terrified of the "vast law enforcement apparatus arrayed against them" and only felt safe coming forward with their claims "when the facade surrounding the SOS section began to crumble.") Accordingly, the *Monell* claim was not timely filed as to plaintiffs Reyes and Olazaba, and for the reasons discussed above equitable estoppel does not apply.

Finally, plaintiffs argue that the statute of limitations does not bar claims made by the Fernandez children because they were minors when the complaint was filed.[3] (Pls.' Resp. Br. pp. 7-8;

---

[3] According to the complaint, Denise and Kimberly Fernandez were 12 and 9 years old, respectively, at the time of the March 2004 incident. (Compl. ¶ 18.) Defendants acknowledge in footnotes that certain counts "may not" be time-barred as to the Fernandez plaintiffs due to their status as minors, but note only count XII (the Reyes malicious prosecution count) and count XIV (assault)

Compl. ¶¶ 16-22.)  Under Illinois law, if a person is younger than 18 years of age when a cause of action arises, he or she may bring the action within two years after reaching the age of 18.  735 ILCS 5/13-211 (2000).  The complaint was filed in December 2007 when both children were still minors.  Accordingly, the applicable statutes of limitation do not bar the Fernandez plaintiffs' claims against the unindicted police officers or the City.  Therefore, counts II-XV against the City and the unindicted officers are dismissed only as to plaintiffs Reyes and Olazaba.

D.   Defendants' Miscellaneous Arguments

Defendants' last group of arguments allege generally that the complaint is insufficient and plaintiff did not plead enough specific facts or meet the burden of "establishing" evidence to support their claims.  (*See, e.g.,* Defs.' Mot. pp. 10-11.)  While a complaint must allege enough facts to state a claim, contrary to defendants' argument neither specific facts nor evidence are required for pleading purposes in federal court.  *Bell Atl. Corp. v. Twombly,* ---- U.S. ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007); *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008)(stating *Bell Atlantic* "must not be overread" to include heightened pleading of specifics, noting "[w]ithin weeks

---

without further elaboration. (*See* Defs.'s Mot. to Dismiss, fns. 1, 2.)

after deciding *Bell Atlantic*, the Court reversed a Tenth Circuit decision requiring fact pleading.")

Moreover, counts II-XV have been dismissed as to the adult plaintiffs and defendants' briefs do not attempt to explain why the allegations supporting the minor plaintiffs' claims are insufficient in light of the pleading standard described in *Bell Atlantic*. On a motion to dismiss, defendants have the burden of demonstrating the legal insufficiency of the complaint – not the plaintiffs or the court. *See Yeksigian v. Nappi,* 900 F.2d 101, 104-105 (7th Cir. 1990) (citing *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir. 1987)). Finally, defendants' arguments regarding malicious prosecution and the Eighth Amendment are moot, as plaintiffs did not make Eighth Amendment claims and the malicious prosecution claim has already been dismissed. (*See supra* III.C.*)*

IV.

For the foregoing reasons, I grant defendant City Officials' motion to dismiss all counts; I grant the City's motion to dismiss count I, and deny defendants Suchocki, Villareal and unindicted officers' motions to dismiss count I; I grant defendants the City, Suchocki, Villareal, and unindicted officers' motions to dismiss count XII (malicious prosecution); I grant in part the City's motion to dismiss counts II-XI and XIII-XV as to plaintiffs Reyes and Olazaba, and deny the motion on those counts as to the

12

Fernandez minor plaintiffs; I grant in part defendants Suchocki, Villareal, and unindicted officers' motions to dismiss counts II-IV, VI-IX, XI, and XIII-XV as to plaintiffs Reyes and Olazaba, and deny the motions on those counts as to the Fernandez minor plaintiffs.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Date:  October 28, 2008